1  JEFFREY K. BROWN, BAR NO. 162597
   RICHARD S. FALCONE, Bar No. 95265
2  SEAN A. O'BRIEN, Bar No. 133154
   PAYNE & FEARS LLP
3  Attorneys at Law
   One Embarcadero Center, Suite 2300
4  San Francisco, CA 94111
   Telephone: (415) 398-7860
5  Facsimile: (415) 398-7863
   jkb@paynefears.com
6  rsf@paynefears.com
   sao@paynefears.com
7
   Attorneys for Defendants
8  QUALMARK CORPORATION and
   QUALMARK LING CORPORATION
9

ORIGINAL
FILED

08 MAR 31  AM 11: 51

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA S.J.

E-FILING

ADR

10                 UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13  DATA PHYSICS CORPORATION, a        CASE NO.   C08 01717 MMC
    California Corporation,
14                                     [Santa Clara County Superior
            Plaintiff,                 Court Case No. 108CV106987]
15
        v.                             NOTICE OF REMOVAL OF CIVIL
16                                     ACTION PURSUANT TO 28 U.S.C. §
    QUALMARK CORPORATION, a            1331
17  Colorado Corporation; QUALMARK
    LING CORPORATION, a Colorado       [FEDERAL JURISDICTION QUESTION]
18  Corporation; and DOES 1 - 30,
    inclusive,                         AND PURSUANT TO 28 U.S.C. §§
19                                     1332 AND 1441(B)
            Defendants.
20                                     [DIVERSITY JURISDICTION]

21      TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DATA PHYSICS

23  CORPORATION, A CALIFORNIA CORPORATION, AND ITS COUNSEL OF RECORD:

24

25      PLEASE TAKE NOTICE that defendants QUALMARK

26  CORPORATION, a Colorado Corporation, and QUALMARK LING

27  CORPORATION, a Colorado Corporation, hereby remove this action

28  from the Superior Court of the State of California for the County

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

COPY

1  of Santa Clara to the United States District Court for the

2  Northern District of California on the following grounds:

### PLAINTIFF'S STATE COURT ACTION

6      1.    On February 28, 2008, plaintiff Data Physics

7  Corporation, a California corporation, filed an action against

8  defendants in the Superior Court of the State of California,

9  County of Santa Clara, entitled "Data Physics Corporation, a

10 California corporation, plaintiff, versus QualMark Corporation, a

11 Colorado corporation; QualMark Ling Corporation, a Colorado

12 corporation; and Does 1 - 30, inclusive, defendants," Case No.

13 108CV106987 ("Complaint").    Attached hereto as Exhibit "A" is a

14 true and accurate copy of the Complaint.

16     2.    Defendants were served with a copy of plaintiff's

17 Complaint and Summons on or about March 3, 2008.

19     3.    The Complaint alleges causes of action against

20 defendants for:  (1) Cancellation of California Trademark

21 (California Business and Professions Code §§ 14200 *et seq.*); (2)

22 Unfair Competition under § 17200 (California Business and

23 Professions Code § 17200 *et seq.*); (3) Unfair Competition under

24 Lanham Act (15 U.S.C. § 1125); (4) Intentional Interference With

25 Prospective Economic Relations; (5) Negligent Interference With

26 Prospective Economic Relations; (6) Trade Libel; and (7) Slander

27 of Title.   (See Exhibit "A" attached hereto).

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2

1        4.   This Notice of Removal is timely pursuant to 28

2  U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil

3  Procedure, in that defendants were originally served with a copy

4  of the Complaint no more than thirty (30) days before the filing

5  of this Notice of Removal.

6

7        5.   The Civil Case Cover Sheet, Summons, Complaint and

8  Civil Lawsuit Notice are attached hereto as Exhibit "A" and

9  constitute all of the pleadings, process and orders filed and

10  served in the State Court Action.

11

12    **FEDERAL QUESTION JURISDICTION UNDER THE LANHAM ACT**

13

14        6.   This is a civil action over which this Court has

15  original jurisdiction under 28 U.S.C. § 1331 and which may be

16  removed by defendants pursuant to the provisions of 28 U.S.C. §

17  1441.  28 U.S.C. § 1331 provides that "the district courts shall

18  have original jurisdiction of all civil actions arising under the

19  Constitution, laws or treaties of the United States."  Any such

20  action may be removed to the district court if it is originally

21  filed in a state court:

22

23          Any civil action brought in a State court of
which the district courts of the United States
have original jurisdiction, may be removed by

24          the defendant or the defendants, to the
district court of the United States for the

25          district and division embracing the place
where such action is pending.

26

27  28 U.S.C. § 1441(a).  Removal on such "federal question" grounds

28  is proper even if the parties are not of diverse citizenship, and

NOTICE OF REMOVAL                  Case No. _____

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1    without regard to the amount in controversy.    28 U.S.C. §

2    1441(b).

3

4        7.    This action arises under the laws of the United

5    States in that plaintiff's third cause of action is brought

6    pursuant to the Lanham Act, 15 U.S.C. § 1125.

7

8        Section 1121(a) of the Lanham Act provides as follows:

9

10        The district and territorial courts of the
           United States shall have original
11        jurisdiction, [and] the Courts of Appeal of
           the United States (other than the United
12        States Court of Appeals for the Federal
           Circuit) [and the United States Court of
13        Appeals for the District of Columbia] shall
           have appellate jurisdiction, of all actions
14        arising under this Act, without regard to the
           amount in controversy or to diversity or lack
15        of diversity of the citizenship of the
           parties.
16

17    15 U.S.C. § 1121(a).    Therefore, this Court has original

18    jurisdiction over all claims brought under the Lanham Act.

19

20        8.    Plaintiff expressly alleges that defendants

21    "intentionally made false and disparaging statements regarding

22    the quality of [plaintiff's] products and the right of

23    [plaintiff] to use the term "Ling" in connection with the sale of

24    shaker products to entities doing business with [plaintiff], in

25    violation of 15 U.S.C. § 1125" (the Lanham Act).    Furthermore,

26    plaintiff alleges that its alleged injuries have occurred within

27    the jurisdiction of this Court, specifically, in the City of San

28    Jose, County of Santa Clara, State of California.    See Exhibit

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

4

1  "A."  Because plaintiff's third cause of action arises under the

2  Lanham Act, removal of this action is appropriate.

3

4  **REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1367(a)**

5  **(SUPPLEMENTAL JURISDICTION)**

6

7      9.    The Court has supplemental jurisdiction over all

8  claims that are so related to plaintiff's Lanham Act claim

9  discussed above in that they "form part of the same case or

10  controversy."  28 U.S.C. § 1367(a).  Supplemental jurisdiction is

11  proper if the causes of action in question "derive from a common

12  nucleus of operative fact," such that the plaintiff "would

13  ordinarily be expected to try them all in one judicial

14  proceeding."  *See United Mine Workers of America v. Gibbs*, 383

15  U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966).

16

17      10.   Plaintiff's first, second, fourth, fifth, sixth

18  and seventh causes of action arise directly out of the same

19  "common nucleus of operative facts" as its third cause of action

20  alleging a violation of the Lanham Act against defendants.

21  Plaintiff's claims therefore normally would be tried in a single

22  judicial proceeding with the rest of its Complaint, and the

23  entire action is thus removable under this Court's supplemental

24  jurisdiction.  *See* 28 U.S.C. § 1367(a) (the district courts

25  "shall have supplemental jurisdiction" over state-law causes of

26  action that form "part of the same case or controversy" as the

27  federal claims supporting removal).

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

5

## REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1332(a)

### (COMPLETE DIVERSITY JURISDICTION)

11.   Plaintiff is a citizen of the State of California and is domiciled in the County of Santa Clara and was so domiciled at the time of the filing of the Complaint.

12.   Both defendants QualMark Corporation and QualMark Ling Corporation were incorporated in the State of Colorado, and have their principal place of business in Denver, Colorado.

13.   If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). Accordingly, defendants are (and were at the time of filing of the Complaint) citizens of the State of Colorado.

14.   Complete diversity among the parties now exists because plaintiff is a citizen of the State of California and defendants are citizens of the State of Colorado.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

15.   In addition to other forms of relief, plaintiff also prays for the recovery of monetary damages, restitution and/or recovery of alleged wrongful profits by defendants, punitive damages, as well as recovery of attorneys' fees and costs of suit.  (*See* Exhibit "A.")  In determining whether a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

6

1  Complaint meets the $75,000.00 threshold of 28 U.S.C. § 1332(a),

2  a Court may consider the aggregate value of claims for

3  compensatory damages, as well as attorneys' fees.  *See e.g.,*

4  *Lbell v. Preferred Life Assurance Society,* 320 U.S. 238, 240, 64

5  S. Ct. 5 (1943) ("where both actual and punitive damages are

6  recoverable under a Complaint each must be considered to the

7  extent claimed in determining jurisdictional amount.") (footnote

8  omitted); *Goldberg v. CPC International, Inc.,* 678 F. 2d 1365,

9  1367 (9th Cir.) *cert. denied,* 459 U.S. 945 (1982) (attorneys' fees

10 may be taken into account to determine jurisdictional amount).

11 In determining whether a Complaint meets the $75,000.00

12 threshold, a Court also may consider the pecuniary harm to the

13 defendant if the injunctive or restitutionary relief sought by

14 the plaintiff is granted.  *See, Sanchez v. Monumental Life Ins.*

15 *Co.,* 102 F.3d 398, 405 (9th Cir. 1996);  *Simmons v. PCR*

16 *Technology,* 209 F. Supp. 2d 1029, 1033 (N. D. Cal 2002).

17

18         16.   Although defendants dispute plaintiff's claims,

19 and contend that its claims are unfounded, defendants are

20 informed and believe and they concede, for the purpose of the

21 removal of this action to this Court, that the amount in

22 controversy in this action exceeds $75,000.00.  The value of

23 defendants' "Ling" trademark, which is a subject of plaintiff's

24 Complaint, has a value to defendants in excess of $75,000.00.

25 The loss of the exclusive right to use the LING trademark in

26 commerce through the injunctive relief plaintiff seeks in its

27 complaint, will cause QualMark and QualMark Ling more that

28 $75,000.00 in loss of business value, causing the jurisdictional

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

7

1  minimum amount in controversy to be satisfied.  As such, complete

2  diversity exists among the parties in this action, and this Court

3  has original jurisdiction under 28 U.S.C. § 1332.  Therefore,

4  this action is one that defendants can remove to this Court

5  pursuant to 28 U.S.C. § 1441(b) because it is a civil action

6  between citizens of different states and the matter in

7  controversy exceeds $75,000.00, exclusive of interest and costs.

8

9                          **INTRA-DISTRICT ASSIGNMENT**

10

11          In accordance with Local Rule 3-2 of the Civil Local

12  Rules of Court for the Northern District of California, venue of

13  the matter in this Court is appropriate as this Civil Action

14  arises within Santa Clara County, California.

15

16                  **COMPLIANCE WITH LOCAL RULE 16-2(B)**

17

18          In accordance with Local Rule 16-2(b) of this Court,

19  defendants will serve plaintiff with an Order Setting Initial

20  Case Management Conference and the supplemental materials

21  specified in Civil Local Rule 4-2 following the filing of this

22  Notice of Removal.

23

24                              **CONCLUSION**

25

26          Plaintiff's third cause of action raises questions of

27  federal law, and plaintiff's first, second, fourth, fifth, sixth

28  and seventh causes of action arise out of the same nucleus of

8

NOTICE OF REMOVAL                                    Case No. _____

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1  facts as plaintiff's third cause of action.  Therefore, this

2  Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331,

3  1367.  Further, because this civil action is between citizens of

4  different states and the matter in controversy is admittedly in

5  excess of $75,000.00, exclusive of interest and costs, this Court

6  has original jurisdiction over it pursuant to 28 U.S.C. §§ 1332

7  and 1441(b).  Defendants therefore respectfully request that this

8  Court exercise its removal jurisdiction over this entire Action.

9

10  DATED:  March 31 , 2008        PAYNE & FEARS LLP

11

12                              By:

13                                   JEFFREY K. BROWN
                                     RICHARD S. FALCONE
14                                   SEAN A. O'BRIEN

15                              Attorneys for Defendants
                                QUALMARK CORPORATION and QUALMARK
16                              LING CORPORATION

391096.2

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL                              Case No. _____

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert W. Payne, CA Bar No. 073901,
19 Upper Ragsdale Dr, PO Box 3140, Monterey, CA, 93942-3140

TELEPHONE NO.: (831) 649-8800    FAX NO.: (831) 649-8835
ATTORNEY FOR *(Name)*: Data Physics Corporation

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street, San Jose CA 95113
MAILING ADDRESS: 191 N. First Street, San Jose CA 95113
CITY AND ZIP CODE:
BRANCH NAME: Downtown Superior Court

FILED UCS
2008 FEB 28 PM 12: 01
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY M. Rosales DEPUTY

CASE NAME:
Data Physics Corporation v. Qualmark Corp. and Qualmark Ling Corp.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter | Joinder | 1 0 8 C V 1 0 6 9 8 7 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive

**4.** Number of causes of action *(specify):* Seven

**5.** This case [ ] is [✓] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 27, 2008

Robert W. Payne
(TYPE OR PRINT NAME)                    ▶ [signature]    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov American LegalNet, Inc. www.FormsWorkflow.com |
|---|---|---|

**EXHIBIT A**

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **1 0 8 C V 1 0 6 9 8 7**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

_DEFENDANTS_ (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

_RULES AND FORMS:_ You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1top.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **James Emerson**                    Department: **19**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: **JUL 2 2 2008**   Time: **1:30 PM**   in Department **19**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____   Time: _____   in Department _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**Exhibit A, page 11**

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
QUALMARK CORPORATION, a Colorado corporation;
QUALMARK LING CORPORATION, a Colorado corporation; and
DOES 1-30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DATA PHYSICS CORPORATION, a California corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2008 FEB 28 PH 12:01 UCS

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY _____ DEPUTY

M. Rosales

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 1 0 6 9 8 7 |

Superior Court of California, County of Santa Clara
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert W. Payne, CA Bar No. 073901
LaRiviere, Grubman & Payne, LLP, 19 Upper Ragsdale Dr., Ste. 200, Monterey, CA 93950

| DATE: | FEB 2 8 2008 | Clerk, by | M. Rosales  KIRI TORRE | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Qualmark Corporation and Qualmark Ling Corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | American LegalNet, Inc. \| www.USCourtForms.com |
| SUM-100 [Rev. January 1, 2004] | | |

1  LARIVIERE, GRUBMAN & PAYNE, LLP
   Robert W. Payne (Bar No. 073901)
2  Alan E. Engle (Bar No. 224779)
   Nicole A. Smith (Bar No. 243823)
3  19 Upper Ragsdale Drive
   P.O. Box 3140
4  Monterey, California 93942-3140
   Telephone: (831) 649-8800
5  Facsimile: (831) 649-8835

6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SANTA CLARA

10                 SAN JOSE DIVISION

11

12  DATA PHYSICS CORPORATION,          )  Case No.
    a California Corporation,          )
13                                     )  COMPLAINT FOR CANCELLATION
              Plaintiff,               )  OF CALIFORNIA TRADEMARK;
14                                     )  UNFAIR COMPETITION;
         v.                            )  INTENTIONAL INTERFERENCE
15                                     )  WITH PROSPECTIVE ECONOMIC
    QUALMARK CORPORATION, a Colorado   )  RELATIONS; NEGLIGENT
16  Corporation;                       )  INTERFERENCE WITH
    QUALMARK LING CORPORATION, a       )  PROSPECTIVE ECONOMIC
17  Colorado Corporation; and          )  RELATIONS; TRADE LIBEL; AND
    DOES 1 - 30, inclusive,            )  SLANDER OF TITLE
18                                     )
              Defendants.              )  JURY TRIAL DEMANDED
19  _____  )

20

21       Plaintiff DATA PHYSICS CORPORATION ("Data Physics"), alleges:

22                        PARTIES

23       1.      At all times herein concerned, Plaintiff DATA PHYSICS CORPORATION

24  ("Data Physics") was and now is a corporation duly organized and existing under and by virtue of

25  the laws of the State of California, authorized to do and doing business in said state with its

26  principal place of business located at 1741 Technology Drive, Suite 260, San Jose, California

27

28

1

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

Exhibit A, page 13

1   95110.

2       2.    Plaintiff is informed and believes and upon such information and belief alleges
3   that Defendant QUALMARK CORPORATION is a Colorado corporation, currently organized
4   and existing under and by virtue of the laws of the State of Colorado with its principal place of
5   business located at 4580 Florence Street, Denver, Colorado 80238.

6       3.    Plaintiff is informed and believes and upon such information and belief alleges
7   that Defendant QUALMARK LING CORPORATION is a Colorado corporation, currently
8   organized and existing under and by virtue of the laws of the State of Colorado with its principal
9   place of business located at 4580 Florence Street, Denver, Colorado 80238. On information and
10  belief, Defendant Qualmark Ling Corporation is a wholly-owned subsidiary of Defendant
11  Qualmark Corporation that was formed to facilitate the transfer of SatCon's Ling assets to
12  Qualmark.

13      4.    Plaintiff is informed and believes and thereon alleges that Qualmark Ling is an
14  agent and an alter ego of Defendant Qualmark Corporation and, in doing the things herein
15  alleged, was acting within the scope of such agency and with the permission and consent of
16  Defendant Qualmark Corporation. Upon information and belief, there exists and existed at all
17  relevant times herein a commonality of decision making between Qualmark and its subsidiary
18  Qualmark Ling such that Qualmark exercised complete domination and control of Qualmark
19  Ling and the companies were operated in all essential aspects as one corporation and enterprise.

20      5.    The true names or capacities, whether individual, corporate, associate or
21  otherwise, of Defendants named herein as DOE 1 through DOE 30 inclusive, are unknown to
22  Plaintiff who therefore sues said Defendants by such fictitious names and Plaintiff will amend
23  this complaint to show their true names and capacities when the same have been ascertained.

24                           **VENUE**

25      6.    At the time of the commencement of this action, Plaintiff Data Physics is a resident
26  of the City of San Jose, County of Santa Clara, State of California. The injuries alleged herein have

27

28  

2

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1   occurred in this jurisdiction.

2   **GENERAL ALLEGATIONS**

3       7.      Since approximately 1984, Plaintiff Data Physics has been in the business of

4   producing and supplying analyzers and controllers for use in testing the quality, reliability, and

5   durability of equipment. Information concerning specific products offered by Data Physics can

6   be found on its website located at www.dataphysics.com.

7       8.      On information and belief, Defendant Qualmark Corporation was founded in 1991

8   as a specialty manufacturer of equipment used to test the reliability, quality, dependability and

9   longevity of devices built by others. Information concerning specific products offered by

10  Qualmark can be found on its website located at www.qualmark.com.

11      9.      This dispute is centered around the use of the name "Ling" and "Ling Electronics"

12  in connection with the sale of shakers and related vibration testing equipment. The name "Ling"

13  has an extensive and varied history in the industry.

14      10.     Upon information and belief, entrepreneur James Ling founded an electronic

15  contracting business in Dallas, Texas in 1947. That business operated under the name Ling

16  Electronic Company.

17      11.     Upon information and belief, Ling Electronic Company purchased United

18  Electronics of Newark, New Jersey and Caledyne Company of Winchester, Massachusetts in

19  about 1958. Upon information and belief, these three companies were subsequently merged to

20  form Ling Electronics. Upon information and belief, Ling Electronics designed and

21  manufactured vibration test equipment, known in the industry as electrodynamic shakers, which

22  were sold to companies throughout the United States and the world.

23      12.     Upon information and belief, Ling Electronics merged with Altec, a leading

24  acoustic company, in 1959. The new company was registered in Delaware and operated under

25  the name Ling-Altec. Upon information and belief, that company continued to sell

26  electrodynamic shakers and developed, manufactured and sold other related equipment all under

27

28
_____
                                        3
COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1    the name Ling and through a division known as Ling Electronics.

2         13.    Upon information and belief, Ling-Altec merged with Temco and Vought

3    (defense contractors) in about 1960, creating a new company named LTV Ling Altec.

4    Apparently, the new company moved to Anaheim, California and continued to manufacture and

5    sell existing products, as well as introduced a variety of new products to industry. Upon

6    information and belief, that company continued to sell electrodynamic shakers and related test

7    equipment throughout the United States and the world under the name Ling.

8         14.    Upon information and belief, LTV Ling Altec began selling corporate assets in

9    1972. The Ling Electronics assets were then, upon information and belief, assigned to a newly

10   formed company known as Altec Corporation. Altec Corporation operated for more than a

11   decade, but in 1983 filed for Chapter 11 bankruptcy. Upon information and belief, Altec

12   Corporation then sold its Ling Electronics division and related assets to Mechanical Technology,

13   Inc. ("MTI").

14        15.    Upon information and belief, MTI operated the Ling Electronics division out of

15   Anaheim, California, selling electrodynamic shakers and related test equipment to entities

16   located throughout the United States and the world. MTI sold its Ling Electronics operating unit

17   to SatCon Technology Corporation in 1999.

18        16.    On information and belief, SatCon gained its shaker manufacturing capabilities as

19   a result of its 1999 purchase of MTI's Ling division. On information and belief, SatCon

20   continued to operate MTI's Anaheim, California facility from approximately 1999 to 2002, when

21   the facility was moved to Worcester, Massachusetts.

22        17.    On information and belief, only a handful of employees made the move from

23   Anaheim to Worcester. Furthermore, on information and belief, in the process of transferring its

24   facilities SatCon lost critical suppliers, failing to pay some, and settled some accounts by

25   providing suppliers with equipment used to manufacture shakers. Consequently, the quality and

26   know-how associated with the previous Ling operation was seriously degraded under SatCon's

27

28

4

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1   control. On information and belief, SatCon realized it needed qualified partner to increase its

2   distribution and market presence.

3       18.    In 2003, Data Physics began to discuss a strategic alliance with SatCon for the

4   exclusive sale and distribution of SatCon's shakers, amplifiers, and acoustic transducers. This

5   deal enabled Data Physics to expand its business to include "turn key" vibration testing systems

6   in addition to instruments for control and analysis. Beginning in approximately October 2003,

7   Data Physics was the exclusive distributor of SatCon's Ling shaker equipment, which Data

8   Physics integrated into complete vibration testing and analysis systems. The previous Ling

9   Electronics corporation having been dissolved in 1982, Data Physics incorporated "Ling

10  Electronics" in California as a subsidiary in September 2003.

11      19.    Unfortunately, SatCon increasingly failed supply products of adequate quality in a

12  timely manner to Data Physics and the relationship suffered. Among other things, the shakers

13  delivered by SatCon's Ling unit failed acceptance testing, a battery of tests performed on the

14  shakers to ensure they meet required quality standards. Additionally, on at least one occasion,

15  SatCon falsified quality test results. Because SatCon's shakers were below quality standards and

16  often delivered late, the products could not be integrated with Data Physics' high end products

17  for customers. Data Physics and SatCon attempted to work through these problems and

18  eventually settled a litigation that arose out of difficulties encountered during their relationship.

19      20.    Upon information and belief, SatCon sold its Ling unit to Qualmark Corporation

20  or Qualmark Ling Corporation in December 2005. Upon information and belief, Qualmark

21  informed one or more customers of Data Physics that it would not honor any contracts between

22  the former Ling unit and Data Physics.

23      21.    In February 2005, Data Physics acquired Gearing and Watson, a shaker

24  manufacturing company in the United Kingdom specializing in air-cooled shakers and was

25  seeking to setup another facility to manufacture water-cooled shakers for its integrated systems.

26  Many of the former employees from MTI's Ling operation and SatCon's prior Anaheim operation

27

28

5

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1   were working at Derritron, a recently formed company in Riverside, California, that built, among
2   other things, Ling-compatible shakers, amplifiers, and shaker spares. Around August 2005, Data
3   Physics entered into discussions with Derritron for a possible acquisition of its assets, and in
4   January 2006 Data Physics purchased the majority of its assets for building shakers. While
5   Derritron continued to make amplifiers, employees of Derritron who were engaged in shaker
6   manufacturing moved to Data Physics. These employees had and continue to have unique and in
7   depth knowledge and experience manufacturing Ling shakers.

8       22.    Upon information and belief, "Ling" is a widely used name in the electrodynamic
9   shaker industry and has been in use in one form or another in association with the sale of
10   electrodynamic shakers and related parts and accessories for approximately 50 years. This long
11   course of sales has resulted in an install base of thousands of "Ling" shakers in the United States
12   and abroad. On information and belief, various entities and business units have operated under
13   the name "Ling" and have sold "Ling" shaker systems and/or components, including Ling
14   Dynamic Systems, Derritron, Dodson, ACG, and Dongling (Eastern Ling) in China.
15   Additionally, individuals in the vibration testing field, including employees of Qualmark or its
16   Qualmark ACG subsidiary, have and continue to use the term "Ling" in a generic sense for
17   electrodynamic shakers. On information and belief, no entity had ever obtained a trademark
18   registration in the term "Ling" (or variations thereof) in connection with vibration testing
19   equipment until Defendant Qualmark filed for the "Ling Electronics" mark in California in 2006.

20       23.    Data Physics and Qualmark are competitors in the filed of vibration testing
21   equipment, often bidding on the same contracts. Recently Data Physics has had business
22   relationships and contracts disrupted by, among other things, statements from Qualmark and
23   Qualmark Ling and their agents and employees to the effect that Data Physics does not
24   manufacture genuine Ling shakers and has no right to use the Ling or Ling Electronics name in
25   connection with the sale of shakers. As a direct consequence of these false statements, Data
26   Physics has experienced difficulties and disruptions with its contracts and business relationships

27

28

_____

9

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1 with actual and potential customers.

2 ## FIRST CAUSE OF ACTION

3 ### (Cancellation of California Trademark)

4      24.     Plaintiff realleges and incorporates by reference all the allegations contained in
5 paragraphs 1 through paragraph 23 inclusive.

6      25.     On or about September 23, 2003, Data Physics registered LING ELECTRONICS
7 CORPORATION with the California Secretary of State.

8      26.     On or about March 28, 2006, Defendant Qualmark Corporation obtained a
9 California Trademark for the mark LING ELECTRONICS with the knowledge that Data Physics
10 was using the business trade name LING ELECTRONICS for the production of the same or
11 similar goods Defendants sought the California trademark to cover.

12      27.     California law governing the prosecution of California trademarks is found in
13 Business and Professions Code sections 14200 et seq.  Pursuant to California Trademark Law,
14 the Secretary of State must cancel any registration on a finding by a court of competent
15 jurisdiction that the registered mark has been abandoned, that the registrant is not the owner of
16 the mark, that the registration was granted improperly, or that the registration was obtained
17 fraudulently.

18      28.     On information and belief, the mark LING ELECTRONICS could not be validly
19 registered as a mark due to significant third-party use and the fact that the term "Ling" had come
20 to generically signify Ling-compatible shakers and shaker parts, and because Defendants and
21 their predecessors failed to adequately police such third-party use of the term "Ling" and to
22 prevent the mark from obtaining a generic signification.  Additionally, as shown in the General
23 Allegations, the term "Ling" is primarily merely a surname and thus not properly registerable as a
24 trademark.  Thus, Defendants' LING ELECTRONICS trademark is invalid and without force and
25 effect.

26      29.     Business and Professions Code Section 14220(f) further prohibits registration of a

27

28

7

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1  trademark if the trademark conflicts with a previously used trade name. Additionally, a party that

2  has filed articles of incorporation or obtained a certificate of qualification to do business in

3  California obtains a rebuttable presumption that it has an exclusive right to use its trade name, as

4  well as any confusingly similar name. Because Data Physics had already registered the LING

5  ELECTRONICS trade name with the California Secretary of State, Defendants' LING

6  ELECTRONICS trademark is invalid and without force and effect.

7       30.    Moreover, Defendants are barred from asserting the LING ELECTRONICS mark

8  against Data Physics because no service mark or trademark registered pursuant to the California

9  Trademark Law is enforceable under the provisions of Business & Professions Code §§ 14320,

10  14330, or 14340, against any party who has adopted and lawfully used the same or a confusingly

11  similar service mark in the rendition of like services or trademarks in the manufacture or sale of

12  like goods in the state of California from a date prior to the effective date of registration of the

13  service mark or trademark. Because Data Physics had lawfully used the mark LING

14  ELECTRONICS in connection with the sale of shaker products, parts, and accessories prior to

15  Qualmark's registration of the mark, Data Physics cannot be adjudged to infringe the mark.

16  Thus, the California trademark was wrongfully obtained and should be cancelled.

17  **SECOND CAUSE OF ACTION**

18  **(Unfair Competition under § 17200)**

19       31.    Plaintiff realleges and incorporates by reference all the allegations contained in

20  paragraphs 1 through paragraph 30 inclusive.

21       32.    Defendants intentionally made false and disparaging statements regarding the

22  quality of Plaintiff Data Physics' products and the right of Data Physics to use the term "Ling" in

23  connection with the sale of shaker products to entities doing business with Data Physics, in

24  violation of Business and Professions Code Section 17200 et seq.

25       33.    Defendants' statements were false and unjustified and, as a result of such

26  statements, Data Physics was harmed via the disruption of various contracts, due to concerns that

27

28

8

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1  Data Physics was infringing various intellectual property rights purportedly held by Defendants
2  and that Data Physics was not authorized to sell such products.

3      34.  Data Physics is entitled to relief, including full restitution and/or disgorgement of
4  all revenues, earnings, profits, compensation, and benefits which may have been obtained by
5  Defendants as a result of such unfair business acts or practices.

6      35.  Data Physics is informed and believes, and based thereon alleges, that
7  Defendants' unfair acts as described above are a serious and continuing threat to Data Physics
8  and the public. If Defendants are allowed to continue their wrongful acts, Data Physics and the
9  public will suffer further immediate and irreparable injury, loss, and damage.  Unless restrained
10  by this court, Defendants will continue to engage in improper disparagement of Data Physics
11  rights to use the term "Ling" in connection with its sale of shaker products, as alleged above, in
12  violation of Section 17200 of the Business and Professions Code, and Data Physics and members
13  of the general public will have no adequate remedy at law to rectify such disparagement.

14                  **THIRD CAUSE OF ACTION**
15              **(Unfair Competition under Lanham Act)**

16      36.  Plaintiff realleges and incorporates by reference all the allegations contained in
17  paragraphs : through paragraph 35 inclusive.

18      37.  Defendants intentionally made false and disparaging statements regarding the
19  quality of Plaintiff Data Physics' products and the right of Data Physics to use the term "Ling" in
20  connection with the sale of shaker products to entities doing business with Data Physics, in
21  violation of 15 U.S.C. § 1125.  . . . . . .

22      38.  Defendants' statements were false and unjustified and, as a result of such
23  statements, Data Physics was harmed via the disruption of various contracts, due to concerns that
24  Data Physics was infringing various intellectual property rights purportedly held by Defendants
25  and that Data Physics was not authorized to sell such products.

26      39.  Data Physics is entitled to relief, including full restitution and/or disgorgement of
27
28

                9

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1 | all revenues, earnings, profits, compensation, and benefits which may have been obtained by
2 | Defendants as a result of such unfair business acts or practices.

3 |     40.     Data Physics is informed and believes, and based thereon alleges, that
4 | Defendants' unfair acts as described above are a serious and continuing threat to Data Physics
5 | and the public. If Defendants are allowed to continue their wrongful acts, Data Physics and the
6 | public will suffer further immediate and irreparable injury, loss, and damage. Unless restrained
7 | by this court, Defendants will continue to engage in improper disparagement of Data Physics
8 | rights to use the term "Ling" in connection with its sale of shaker products, as alleged above, in
9 | violation of 15 U.S.C. § 1125, and Data Physics and members of the general public will have no
10 | adequate remedy at law to rectify such disparagement.

11 | **FOURTH CAUSE OF ACTION**

12 | **(Intentional Interference With Prospective Economic Relations)**

13 |     41.     Plaintiff realleges and incorporates by reference all the allegations contained in
14 | paragraphs 1 through paragraph 40 inclusive.

15 |     42.     Plaintiff has had a long standing and ongoing economic relationship with its
16 | customers with the strong probability of future economic benefit. Qualmark knew of the
17 | relationship between Data Physics and its customers and intentionally committed wrongful acts
18 | designed to disrupt the relationship. Specifically, Qualmark made misleading statements,
19 | misrepresentations, and false statements to customers of Data Physics.

20 |     43.     As a consequence of Defendants' wrongful actions, the relationship between Data
21 | Physics and its customers was disrupted and actual and ongoing damages have been suffered by
22 | Data Physics. Defendants wrongful conduct was a substantial factor causing harm to Data
23 | Physics.

24 | **FIFTH CAUSE OF ACTION**

25 | **(Negligent Interference With Prospective Economic Relations)**

26 |     44.     Plaintiff realleges and incorporates by reference all the allegations contained in

27 |

28 |

10

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1    paragraphs 1 through paragraph 43 inclusive.

2       45.    Defendant Qualmark negligently interfered with a relationship between Data

3    Physics and its customers that probably would have resulted in an economic benefit to Data

4    Physics.

5       46.    Data Physics and its customers were in an economic relationship that probably

6    would have resulted in a future economic benefit to Data Physics.

7       47.    Defendant Qualmark knew or should have known of the relationship between

8    Data Physics and its customers.

9       48.    Qualmark knew or should have known that this relationship would be disrupted if

10   Qualmark failed to act with reasonable care, yet Qualmark failed to act with reasonable care.

11      49.    Qualmark engaged in wrongful conduct through its false and misleading

12   statements, and misrepresentations to Data Physics customers, concerning Plaintiff Data Physics.

13      50.    The relationship between Data Physics and its customers was disrupted and Data

14   Physics was harmed. Qualmark's wrongful conduct was a substantial factor in causing Data

15   Physics' harm.

16                              **SIXTH CAUSE OF ACTION**

17                                   **(Trade Libel)**

18      51.    Plaintiff realleges and incorporates by reference all the allegations contained in

19   paragraphs 1 through paragraph 46 inclusive.

20      52.    Defendants intentionally made false and disparaging statements regarding the

21   quality of Plaintiff Data Physics products to entities doing business with Data Pahysics. These

22   untrue statements of fact caused specific pecuniary damage to Data Physics, including damaged

23   business reputation, damaged business relationships and financial damages.

24                             **SEVENTH CAUSE OF ACTION**

25                                   **(Slander of Title)**

26      53.    Plaintiff realleges and incorporates by reference all the allegations contained in

27

28

                                           11

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

1  paragraphs 1 through paragraph 48 inclusive.

2      54.   Defendant Qualmark intentionally made false and disparaging comments, both

3  oral and written, regarding Data Physics' rights and title to the "Ling Electronics" name to parties

4  doing business with Data Physics. These actions by Defendants caused actual pecuniary damage

5  to Data Physics.

6  PRAYER FOR JUDGMENT

7      55.   WHEREFORE Plaintiff prays for judgment as follows against all Defendants:

8      a.   That Defendants, their agents, servants, employees, and all others acting in

9          concert or participating with them be permanently enjoined from the

10          above-listed wrongful acts against Data Physics and its clients;

11      b.   For the cancellation of the wrongfully procured California Trademark

12          "LING ELECTRONICS";

13      c.   For damages, restitution and/or wrongful profits for the harm sustained by

14          Data Physics to conform to proof at trial;

15      d.   For punitive damages awarded to Data Physics as against Defendant

16          Qualmark in an amount to be determined at trial in a sum sufficient to

17          punish and make an example of Qualmark;

18      e.   For attorneys' fees and costs of suit; and

19      f.   For such other and further relief as this Court deems just and proper.

20

21  Dated: February 27, 2008        LARIVIERE, GRUBMAN & PAYNE, LLP

22

23

24          By _____

25            Robert W. Payne
          Attorney for Plaintiff
          Data Physics Corporation

26

27

28

12

COMPLAINT
DATA PHYSICS v. QUALMARK, et al.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
DATA PHYSICS CORPORATION, a California Corporation

## DEFENDANTS
QUALMARK CORPORATION, a Colorado Corporation; QUALMARK LING CORPORATION, a Colorado Corporation

C 08 01717 MMC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert W. Payne (073901)
LaRiviere, Grubman & Payne, LLP
19 Upper Ragsdale Drive, P. O. Box 3140
Monterey, CA 93942
(831) 649-8800

ATTORNEYS (IF KNOWN)
Jeffrey K. Brown (162597)/Richard Falcone (95265)
PAYNE & FEARS LLP
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
(415) 398-7860

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Alleged violation of Lanham Act 15 U.S.C. section 1125.  Trademark.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND  ☒ SAN JOSE

DATE March 28, 2008

SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44