1  Richard S. Falcone, Bar No. 95265
   PAYNE & FEARS LLP
2  Attorneys at Law
   One Embarcadero Center, Suite 2300
3  San Francisco, CA 94111
   Telephone: (415) 398-7860
4  Facsimile: (415) 398-7863
   rsf@paynefears.com
5
   Attorneys for Defendants
6  QUALMARK CORPORATION and
   QUALMARK LING CORPORATION
7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCISCO DIVISION**

11  DATA PHYSICS CORPORATION, a              CASE NO. C08 01717 MMC
    California Corporation,
12                                           **DEFENDANTS QUALMARK**
              Plaintiff,                     **CORPORATION'S AND QUALMARK**
13                                           **LING CORPORATION'S NOTICE OF**
         v.                                  **MOTION AND MOTION TO DISMISS OR,**
14                                           **IN THE ALTERNATIVE, TO TRANSFER**
    QUALMARK CORPORATION, a Colorado         **VENUE TO THE DISTRICT OF**
15  Corporation; QUALMARK LING               **COLORADO, WITH INCORPORATED**
    CORPORATION, a Colorado Corporation;     **MEMORANDUM AND POINTS AND**
16  and DOES 1 - 30, inclusive,              **AUTHORITIES**

17            Defendants.                    **[Supporting Declaration of Benjamin B. Lieb**
                                             **Filed Concurrently Herewith Under Separate**
18                                           **Cover]**

19                                           Hearing Date:    May 9, 2008
                                             Time:            9:00 a.m.
20                                           Courtroom:       7, 19th Floor
                                             Judge:           Hon. Maxine M. Chesney
21

22

23      PLEASE TAKE NOTICE THAT on May 9, 2008, or as soon thereafter as the matter may

24  be heard in Courtroom 7 of the above-entitled Court, Defendants Qualmark Corporation and

25  Qualmark Ling Corporation (collectively "QC") will and hereby do move for an Order dismissing

26  this action or, in the alternative, transferring this action to the already pending and related action

27  filed in the United States District Court for the District of Colorado, Case No. 1:07-cv-02665-

28  REB-KLM.  That action is the first-filed action between the parties, involves the very same issues

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

1    raised in the present action, and has been pending for over three months.  This Motion is based on

2    the grounds that: (1) dismissal or transfer of this action is compelled by the first-to-file rule; (2)

3    DPC's claims are compulsory counterclaims to claims asserted by QC in the first-filed action in

4    the District of Colorado; (3) venue is proper in the District of Colorado because QC resides in

5    Colorado, QC and Plaintiff Data Physics Corporation ("DPC") are subject to personal jurisdiction

6    in Colorado, and a substantial part of the events or omissions giving rise to the claims in this

7    action occurred in Colorado; (4) the interests of justice and judicial efficiency are best served by

8    dismissal or transfer; and (5) there is no peculiar legal or conflicts of law analysis that warrants

9    this action being considered by a federal court sitting in California.

10        This Motion is based upon this Notice of Motion and Motion, the attached Memorandum

11    of Points and Authorities, the Declaration of Benjamin B. Lieb and the exhibits thereto filed

12    concurrently herewith under separate cover, the Complaint in this action, the earlier filed

13    Complaint in the Colorado action (of which the Court is requested to take judicial notice), and

14    such oral and documentary evidence as may be presented to the Court at or before the hearing of

15    this Motion.

16    DATED:  April 4, 2008                    PAYNE & FEARS LLP

17

18                                        By: /s/ *Richard S. Falcone*
                                              RICHARD S. FALCONE

19
                                            Attorneys for Defendants
20                                          QUALMARK CORPORATION and QUALMARK
                                            LING CORPORATION
21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

2

1

**TABLE OF CONTENTS**

2                                                                                                    <u>Page</u>

3    I.      INTRODUCTION ........................................................................................................ 1

4    II.     BACKGROUND ......................................................................................................... 1

5           A.    QC And Its LING Trademarks................................................................... 1

6           B.    DPC And Its Unauthorized Use Of QC's LING Trademarks .................... 2

7           C.    The First-Filed Federal Colorado Action.................................................. 4

8           D.    The Present Action, Initially Filed In California State Court ................... 5

9    III.    ARGUMENT .............................................................................................................. 6

10          A.    The First-To-File Rule Compels Dismissal ............................................. 6

11          B.    DPC's Califronia Claims Are Compulsory Counterclaims to The First Filed
                  Colorado Action ....................................................................................... 8

12          C.    Transfer Of Venue To Colorado Is Proper................................................ 9

13   IV.     CONCLUSION .......................................................................................................... 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

i

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES

Case No. C08 01717 MMC

**TABLE OF AUTHORITIES**

<u>Page(s)</u>

<u>FEDERAL CASES</u>

*Alltrade, Inc. v. UniweldProd., Inc.,*
    946 F.2d 622 (9th Cir. 1991)..................................................................................... 6

*Beer Nuts, Inc. v. Clover Club Foods Co.,*
    805 F.2d 920 (10th Cir. 1986).................................................................................... 8

*Break-Away Tours, Inc. v. British Caledonian Airways,*
    704 F. Supp. 178 (S.D. Cal. 1988).............................................................................. 8

*Century 21 Real  Estate Corp. v. Sandlin,*
    846 F.2d 1175 (9th Cir. 1988).................................................................................... 7

*Cont'l Grain Co. v. Barge FBL-585,*
    364 U.S. 19 (1960).................................................................................................... 7

*DEI Headquarters, Inc. v. Omega Research and Dev., Inc.,*
    No. 06-1346, 2007 U.S. Dist. LEXIS 16339 (S.D. Cal. Mar. 6, 2007) ....................... 8

*Fakespace Labs, Inc. v. Robinson,*
    2000 U.S. Dist. LEXIS 17678 (N.D. Cal. Nov. 6, 2000)................................... 1, 6, 7, 9

*Ferens v. John Deere Co.,*
    494 U.S. 516 (1990).................................................................................................. 7

*Golden Door, Inc. v. Oshido,*
    646 F.2d 347 (9th Cir. 1980)...................................................................................... 8

*Hydranautics v. FilmTec Corp.,*
    70 F.3d 533 (9th Cir. 1995)........................................................................................ 8

*Church of Scientology of Cal. v. U.S. Dep't of Army,*
    611 F.2d 738 (9th Cir. 1979)...................................................................................... 6

*Grumman Sys. Support Corp. v. Data Gen. Corp.,*
    125  F.R.D. 160 (N.D. Cal. 1988) .............................................................................. 8

*Igloo Prod. Corp. v. The Mounties, Inc.,*
    735 F. Supp. 214 (S.D. Tex. 1990) ............................................................................ 6

*Isle Capital Corp. v. Koch Carbon, Inc.,*
    2006 U.S. Dist. LEXIS 24866 (N.D. Cal 2006).................................................... 1, 10

*Jones v. GNC Franchising, Inc.,*
    211 F.3d 495 (9th Cir. 2000)...................................................................................... 9

*King of the Mountain Sports, Inc. v. Chrysler Corp.,*
    185 F.3d 1084 (10th Cir. 1999)................................................................................... 8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

ii

**TABLE OF AUTHORITIES**
(Continued)

<u>Page(s)</u>

*Nw. Airlines, Inc. v. Am. Airlines, Inc.,*
    989 F.2d 1002 (8th Cir. 1993).................................................................. 6

*Ontel Prods., Inc. v. Project Strategies Corp.,*
    899 F. Supp. 1144 (S.D.N.Y. 1995)........................................................ 6, 7

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
    678 F.2d 93 (9th Cir. 1982)..................................................................... 6, 10

*Pochiro v. Prudential Ins. Co.,*
    827 F.2d 1246 (9th Cir 1987)................................................................. 9

*Sally Beauty Co., Inc. v. Marianna Imps., Inc.,*
    304 F.3d 964 (10th Cir. 2002)............................................................... 8

*Soward v. The & Trust,*
    2007 U.S. Dist. LEXIS 77287 (N.D. Cal. 2007)................................... 1

*Sutter Corp. v. PMP Indus., Inc.,*
    125 F.3d 914 (5th Cir. 1997)................................................................. 9

*Thane Int'l, Inc. v. Trek Bicycle Corp.,*
    305 F.3d 894 (9th Cir. 2002)................................................................. 8

<u>STATE CASES</u>

*Krotiuk v. Figlus,*
    12 P.3d 302 (Colo. Ct. App. 2000) ....................................................... 8

*Mallard Creek Indus., Inc. v. Morgan,*
    56 Cal. App. 4th 426, 65 Cal. Rptr. 2d 461 (1997).............................. 8

<u>FEDERAL STATUTES</u>

28 U.S.C. §§ 1331 ................................................................................... 10

28 U.S.C. § 1332(a) ................................................................................ 10

28 U.S.C. § 1404(a) ................................................................................ 5

Fed. R. Civ. P. 13(a) ............................................................................... 8, 9

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES

Case No. C08 01717 MMC

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      INTRODUCTION**

3          The only reason DPC even filed its California action, instead of bringing its claims in the

4  first-filed Colorado action, was to engage in improper forum shopping and needlessly waste

5  valuable judicial and corporate resources.  The current California action violates the "first-to-file"

6  rule, and moreover, should have been brought as compulsory counterclaims to the pre-existing

7  Colorado federal action Case No. 1:07-cv-02665-REB-KLM.  QC thus seeks an order from the

8  Court dismissing this action in its entirety, and directing DPC to bring its now-pending claims, if

9  at all, as compulsory counterclaims in the first-filed Colorado action.[1]  In the alternative, QC

10  moves the Court to transfer this action to the United States District Court for the District of

11  Colorado.  *See e.g.; Fakespace Labs, Inc. v. Robinson*, 2000 U.S. Dist. LEXIS 17678, at *4-5

12  (N.D. Cal. 2000)(dismissal of second filed case);  *Soward v. The & Trust*, 2007 U.S. Dist. LEXIS

13  77287 (N.D. Cal. 2007)(transfer of second filed case).

14          The relief requested in this Motion is more than appropriate.  First, chronology-wise, the

15  Colorado action was filed two months before the California action.  Second, Colorado and

16  California actions involve the same parties.  Third, the same issues are involved in both actions.

17  *See Isle Capital Corp. v. Koch Carbon, Inc*., 2006 U.S. Dist. LEXIS 24866, at *7-10 (N.D. Cal

18  2006).  Thus, the requested relief is necessary to discourage individuals and entities similarly

19  situated to DPC from wasting time and resources through forum shopping and procedural

20  gamesmanship.

21  **II.      BACKGROUND**

22          **A.      QC And Its LING Trademarks**

23          Defendant Qualmark Corporation is a Colorado corporation having a principal place of

24  business in Denver, Colorado.  (Declaration of Benjamin B. Lieb ("Lieb Decl."), ¶ 3, Ex. 1, p. 1, ¶

25  1.)  QC was founded in 1991 and is a specialty manufacturer of equipment used to test the

26          ───────────────
27          [1] If DPC agrees to voluntarily dismiss this action (without prejudice) and without opposing this Motion, QC will stipulate that DPC can file counterclaims in the pending Colorado action asserting the same claims asserted herein.

28

1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1    reliability, quality, dependability and longevity of devices built by others.  Such equipment is

2    generically known in the industry as "Shakers."  QC is now a world leader in designing,

3    manufacturing and marketing such equipment.  *Id.*

4        From 1999 to 2005, SatCon Power Systems, Inc., a division of SatCon Technology

5    Corporation ("SatCon"), manufactured, sold and serviced a line of Shakers and related testing

6    equipment under the trademarks LING and LING ELECTRONICS.  (*Id.*, p. 2, ¶ 2.)  Further,

7    SatCon's rights in and to the LING and LING ELECTRONICS trade and service marks can be

8    traced back and claim priority to usage of the marks in commerce by its predecessors-in-interest to

9    about the mid 1950s.  (*Id.*, pp. 3-4, ¶¶ 8-13.)  In December of 2005, QC purchased SatCon's

10   Shaker business, specifically including the LING and LING ELECTRONICS trade and service

11   marks.  (*Id.*, p. 5, ¶ 17.)

12       Defendant Qualmark Ling Corporation ("QLC"), also a Colorado corporation located in

13   Denver, Colorado, is a wholly-owned subsidiary of QC formed to facilitate acquisition of SatCon's

14   LING and LING ELECTRONICS trade and service marks and related business.  (*Id.*, p. 2, ¶ 3.)

15   Unless otherwise stated, QLC and QC are collectively referred to below as "QC."

16       QC has since acquired the assets from SatCon and continues to sell Shakers and related

17   testing equipment under its LING and LING ELECTRONICS trademarks, both nationally and

18   internationally.  (*Id.*, p. 5, ¶ 17.)  QC filed for and was granted a California trademark registration

19   for its LING ELECTRONICS trademark for Shakers, etc. in March of 2006.  The registration

20   remains valid and enforceable until March 2016.  (*Id.*, p. 5, ¶ 18.)  In addition, QLC filed an

21   application to register its LING trademark for Shakers, etc. with the United States Patent and

22   Trademark Office ("USPTO") on March 14, 2006.  (*Id.*, p. 6, ¶ 19.)  The application was

23   subsequently allowed, published for opposition and, as discussed below, has now been opposed by

24   DPC.

25       **B.    DPC And Its Unauthorized Use Of QC's LING Trademarks**

26       DPC is a California corporation having a place of business in San Jose, California.  (*Id.*, p.

27   2, ¶ 4.)  DPC sells a variety of products, including Shakers.  *Id.*  For several years, DPC purchased

28   Shakers for resale from SatCon under a distribution agreement.  (*Id.*)  Those Shakers were then

2

392274.1

1    properly branded with the LING and LING ELECTRONICS trademarks.  (*Id.*)  On September 23,

2    2003, DPC filed with the California Secretary of State an application to incorporate "Ling

3    Electronics Corporation."  (*Id.*, p. 5, ¶ 15.)  Although the distribution agreement between SatCon

4    and DPC ended in October 2005, DPC continues to, now improperly, sell Shakers and related

5    equipment under QC's LING and LING ELECTRONICS trademarks and continues to operate

6    Ling Electronics Corporation.  (*Id.*, p. 9, ¶ 25.)

7         On August 29, 2007, QC wrote to DPC, demanding that it cease using QC's LING and

8    LING ELECTRONICS trademarks, relevantly stating:

9         QualMark and its predecessors-in-interest have claimed the trademarks
     LING and LING ELECTRONICS, in addition to stylized versions of these marks . .

10    . and used them in conjunction with the sale of their shaker products since the
     1940s.  QualMark has a California registration on the mark LING ELECTRONICS

11    . . . and, as you know, has applied for federal registration of the mark LING. . . .
     Data Physics' use of these marks, as well as its use of a stylized version of the

12    LING ELECTRONICS mark, also belonging to QualMark, constitutes federal and
     state trademark infringement.

13
     . . . .

14
         As you know, Data Physics formerly distributed LING shakers

15    manufactured by SatCon . . . , QualMark's predecessor-in-interest.  It would appear
     that when that relationship dissolved, Data Physics continued to use the LING

16    trademarks with shakers of other origins.  These actions deceived customers and
     took unfair advantage of the previous relationship with SatCon.  It would be hard to

17    conceive of a more nefarious form of trademark infringement.

18    . . . .

19         In view of the foregoing, we demand that Data Physics immediately take the
     following actions:

20
         1.     Publish a retraction in every online or print publication in

21    which Data Physics has used any of the LING trademarks (including but not
     limited to Data Physics' home page), properly attributing trademark

22    ownership to QualMark.

23         2.     Notify all customers and potential customers with whom
     Data Physics has used any of the LING trademarks that such trademarks are

24    owned by QualMark, and that Data Physics does not manufacture or sell
     LING products.

25
         3.     Refrain from any further representation stating or implying

26    that any LING trademark is owned or may be used by Data Physics
     Corporation or any person other than QualMark.

27
         4.     Identify and return to QualMark all intellectual property of

28    SatCon and QualMark (including all copies thereof) in the possession of

3

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES          Case No. C08 01717 MMC

1    Data Physics, or in the possession of third parties as a result of actions by
     Data Physics.

2

3           5.       Cease the marketing and sale of any products incorporating
     any intellectual property of SatCon or QualMark.

4    (*Id.*, pp. 6-7, ¶ 20, pp. 53-54.)

5           DPC responded, requesting specific information concerning QC's ownership of the LING

6    and LING ELECTRONICS trademarks and suggesting that DPC had the right to use LING on

7    Shakers based upon LING Electronics Incorporated's Articles of Incorporation.  (*Id.*, p. 7, ¶ 21, pp.

8    55-58.)  QC responded on October 12, 2007, providing requested information and rebutting DPC's

9    positions.  (*Id.*, p. 7, ¶ 22, pp. 59-63.)  Apparently, DPC did not accept QC's position and filed a

10   Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") of the USPTO,

11   seeking to preclude issuance of QC's allowed federal trademark application for LING.[2]  (*Id.*, pp.

12   64-69.)

13          **C.       The First-Filed Federal Colorado Action**

14          QC filed an action against DPC in the United States District Court for the District of

15   Colorado (hereinafter the "Colorado Action") on December 21, 2007.  (*Id.*, ¶ 3, Ex. 1.)  There, QC

16   seeks a declaration that it is the true and correct owner of the LING and LING ELECTRONICS

17   trademarks.  (*Id.*, p. 10, ¶¶ 29-31.)  QC also asserts claims for infringement of those trademarks

18   under common law and the federal Lanham Act.  (*Id.*, pp. 11-12, ¶¶ 32-43.)  QC further asserts

19   claims for violation of the Colorado Consumer Protection Act, misappropriation of business

20   values under Colorado law, unjust enrichment under Colorado law and infringement of DPC's

21   California trademark registration.  (*Id.*, pp. 12-14, ¶¶ 44-63.)  On February 4, 2008, DPC filed its

22   Answer, affirmatively asserting that QC is barred from any recovery based upon its failure to have

23   any enforceable rights in any of its purported trademarks and that QC's California trademark

24   registration is invalid and unenforceable, among other things.  Significantly, DPC did not file or

25   assert any counterclaims.  (*Id.*, ¶ 4, Ex. 2.)

26          A Scheduling Conference, originally scheduled for February 27, 2008, is currently set to

27   ───────────────────────
            [2] That opposition proceeding has been stayed pending resolution of the first-filed Colorado
28   Action.  (*Id.*, ¶ 7, Ex. 5.)

4

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES          Case No. C08 01717 MMC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1   be held on April 16, 2008 in the Colorado Action.  A deadline to amend pleadings in that case will

2   be set at that Conference.  (*Id.*, ¶ 5, Ex. 3.)

3         **D.**      **The Present Action, Initially Filed In California State Court**

4        DPC instituted this action on February 28, 2008, by filing its Complaint in the Superior

5   Court for the State of California for the County of Santa Clara.  (*Id.*, ¶ 8, Ex. 6.)  Perhaps most

6   telling is the fact that DPC filed the action in state court, not federal court, even though the

7   complaint, on its face, was subject to federal jurisdiction on both federal question and diversity

8   grounds.  Presumably, DPC did this to hide the fact that there already was a first-filed action

9   pending in Colorado where its claims should have been asserted as compulsory counterclaims.

10  For example, DPC in this case expressly seeks to assert unfair competition claims under the

11  Lanham Act, in addition to cancellation of QC's California trademark registration.  DPC also seeks

12  a declaration that QC has no right to preclude DPC from using the term "LING" in connection

13  with the sale of its Shakers.  (*Id.*, ¶ 8, Ex. 6, p. 10, ¶ 40.)  Obviously, DPC's claims are not only

14  logically related to the issues in the Colorado Action, but are compulsory counterclaims to QC's

15  claims.  Indeed, DPC itself alleges that "[t]his dispute is centered around the use of the name 'Ling'

16  and 'Ling Electronics' in connection with the sale of Shakers."  (*Id.*, p. 3, ¶ 9.)

17       On March 19, 2008, while the present case was still pending in California state court, DPC

18  filed an ill-advised Motion in the Colorado Action to transfer venue to the Northern District of

19  California under 28 U.S.C. § 1404(a).  (*Id.*, ¶ 6, Ex. 4.)  In that Motion, DPC again admitted that

20  there was a logical relationship between California state court action and the Colorado Action,

21  relevantly stating:

22       This case is essentially a trademark dispute involving the alleged
    infringement of a California registered trademark and two common law trademarks.

23  Specifically, Qualmark and its subsidiary Qualmark Ling (collectively "Qualmark")
    allege that Data Physics, a California corporation, has infringed Qualmark's

24  California state trademark. . . . Plaintiff also asserts common law marks to LING
    and LING ELECTRONICS and alleges that Data Physics has committed various

25  business torts connected to its alleged infringement.

26      . . . .

27       ***An action in the California state court is pending against Plaintiff
    regarding these state trademark and related issues. On February 28, 2008, Data***

28  ***Physics filed an action in Santa Clara Superior Court in California alleging***

5

392274.1

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES          Case No. C08 01717 MMC

1    ***invalidity of Qualmark's California registration as well as various business torts***
2    ***related to the parties' dispute over rights to the names "Ling" and "Ling***
     ***Electronics".***

3    (*Id.*, pp. 2-3, emphasis added).

4    ### III.    ARGUMENT

5    In instituting the present action in California state court, DPC was apparently attempting to

6    avoid the application of the first-to-file rule.  The proper venue for DPC's compulsory

7    counterclaims against QC is the United States District Court for the District of Colorado, the

8    venue of undisputed first-filed action.  Dismissal or transfer of this action is thus compelled by the

9    first-to-file rule, is an authorized and proper exercise of the Court's discretion, and is in the interest

10   of justice and judicial economy.  Accordingly, QC has now removed DPC's state court action to

11   this Court and seeks to dismiss DPC's imprudently-filed action.  If that relief is granted, DPC is

12   certainly free to re-plead its claims as counterclaims in the Colorado Action.  Alternatively, QC

13   moves to have this action transferred to the District of Colorado.  Once there, QC will move to

14   consolidate this action with the first-filed Colorado Action.  Either way, however, the law, justice

15   and judicial economy can only be fostered by granting QC's requested relief.

16   ### A.    The First-To-File Rule Compels Dismissal

17   The first-to-file rule is invoked when a complaint involving the same parties and issues has

18   already been filed in another district.  *Alltrade, Inc. v. UniweldProd., Inc.*, 946 F.2d 622, 625 (9th

19   Cir. 1991).  The first-to-file rule serves the purpose of promoting efficiency and should not be

20   disregarded lightly.  *Id.; Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750

21   (9th Cir. 1979).  Under this rule, preference is given to the first-filed plaintiff's choice of forum

22   such that the first-filed action is given priority and will proceed in favor of the later action.[3]  *See*

23   *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *Nw. Airlines, Inc. v. Am.*

24   *Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); *Ontel Prods., Inc. v. Project Strategies Corp.*,

25
26   [3] Where, as here, one of the federal cases has been removed from state court, courts look to
     the date on which it was filed in state court (rather than the date of removal to federal court).  *See*
     *Fakespace Labs, Inc. v. Robinson*, 2000 U.S. Dist. LEXIS 17678, at *4-5 (N.D. Cal. Nov. 6,
27   2000); *Igloo Prod. Corp. v. The Mounties, Inc.*, 735 F. Supp 214, 21 (S.D. Tex. 1990).  In the
     present case DPC's state court action was filed over two months after QC filed the Colorado
28   Action.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

6

1    899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).

2    This rule "avoids duplicative litigation by adhering to the inherently fair concept that the

3    party who commenced the first suit should generally be the party to attain its choice of venue."

4    *Ontel Prods.*, 899 F. Supp. at 1150.  The Supreme Court has repeatedly stated that "[t]o permit a

5    situation in which two cases involving precisely the same issues are simultaneously pending in

6    different District Courts leads to the wastefulness of time, energy and money that Section 1404(a)

7    was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (*quoting Cont'l*

8    *Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).

9    A case directly on point is Judge Alsup's decision in *Fakespace Labs, supra*.  In that case,

10   defendant had first filed an action that was pending in the Eastern District of Michigan for patent

11   infringement.  Thereafter plaintiff filed a declaratory judgment action in this Court for

12   noninfringement and invalidity of the patent.  After determining that the two cases presented

13   "mirror-image-patent infringement" claims, Judge Alsup ordered the second filed case (which was

14   filed in this Court) to be transferred to the Eastern District of Michigan under the first-to-file rule.

15   2000 U.S. Dist. LEXIS 17679, at *1, 4-5).

16   Similarly, the Colorado Action was the first-filed action, the reality of which was known to

17   DPC when it undertook to file this duplicative litigation in California.  Not only was DPC aware

18   that the Colorado Action was already pending when the California state court action was initiated,

19   DPC had already acted affirmatively in the Colorado Action by answering the Complaint there and

20   asserting affirmative defenses which essentially mirror claims asserted in this case.  Finally, the

21   two sets of parties are the same in both actions.  Thus, the entire dispute belongs, and should be

22   determined, in the Colorado Action.

23   DPC will likely argue that this action should not be dismissed or transferred because the

24   "local law" of California will apply to the trademark infringement and unfair competition claims

25   being asserted by both sides.  However, this is not the law and is not a basis for maintaining the

26   present action in this forum.  It is well-established that any trademark infringement or unfair

27   competition analysis, whether conducted under federal law, California law, Colorado law or

28   common law, is basically the same no matter what law is applied.  *See e.g., Century 21 Real*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

7

392274.1

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES          Case No. C08 01717 MMC

1    *Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); *Thane Int'l, Inc. v. Trek Bicycle*

2    *Corp.*, 305 F.3d 894, 901 n.3 (9th Cir. 2002); *Golden Door, Inc. v. Oshido*, 646 F.2d 347, 349 (9th

3    Cir. 1980); *Break-Away Tours, Inc. v. British Caledonian Airways*, 704 F. Supp. 178, 181 (S.D.

4    Cal. 1988); *Mallard Creek Indus., Inc. v. Morgan*, 56 Cal. App. 4th 426, 434-35, 65 Cal. Rptr. 2d

5    461, 466-67 (1997); (*compare King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084,

6    1090-1093 (10th Cir. 1999); *Sally Beauty Co., Inc. v. Marianna Imps., Inc.*, 304 F.3d 964, 972-

7    981 (10th Cir. 2002); *Beer Nuts, Inc. v. Clover Club Foods Co.*, 805 F.2d 920, 925 (10th Cir.

8    1986).)  Thus, there is no peculiar or unique California legal analysis that warrants this action

9    being adjudicated by a California court.  Any claims requiring application of California law can

10   and should be easily handled by a federal district court sitting in Colorado.

11           Dismissal of this action now pursuant to the Court's inherent authority granted under the

12   first-to-file rule is the most efficient method to have all related claims adjudicated in the Colorado

13   Action.  Indeed, dismissal of this action will preserve the public policies underlying the first-to-

14   file rule, and will preserve DPC's claims, which can be pled in the Colorado Action.  Indeed, so

15   long as DPC moves promptly, such an amendment will not be opposed by QC.

16           **B.      DPC's Califronia Claims Are Compulsory Counterclaims to The First Filed**

17                   **Colorado Action**

18           The Federal Rules of Civil Procedure provide for any claim that "arises out of the

19   transaction or occurrence that is the subject matter of the opposing party's claim" shall be stated as

20   a counterclaim.  Fed. R. Civ. P. 13(a) (2008).  Frequently, the "logical relationship" test is

21   employed to determine whether or not a claim "arises out of" the same transaction.  *Krotiuk v.*

22   *Figlus*, 12 P.3d 302, 304 (Colo. Ct. App. 2000); *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536

23   (9th Cir. 1995); *DEI Headquarters, Inc. v. Omega Research and Dev., Inc.*, No. 06-1346, 2007

24   U.S. Dist. LEXIS 16339, at *3 (S.D. Cal. Mar. 6, 2007).  Under this test, a counterclaim is

25   compulsory if its subject matter is logically related to the subject matter of the initial claim.

26   *Krotiuk*, 12 P.3d at 304.  One indication that a logical relationship exists is whether or not separate

27   trials on the claims would result in a substantial duplication of effort, time and expense on behalf

28   of the parties and the court.  *Id.; see also, Grumman Sys. Support Corp. v. Data Gen. Corp.*, 125

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

8

392274.1

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES          Case No. C08 01717 MMC

1  F.R.D 160, 162 (N.D. Cal. 1988) (stating that courts in Ninth Circuit ask "whether the essential

2  facts of the various claims are so logically connected that considerations of judicial economy and

3  fairness dictate that all the issues be resolved in one lawsuit"), citing *Pochiro v. Prudential Ins.*

4  *Co*, 827 F.2d 1246, 1249 (9th Cir 1987).

5      In determining what is meant by "transaction" or "occurrence," this Court must consider a

6  number of factors, including:  (1) whether the issues of fact and law are largely the same; (2)

7  whether *res judicata* would bar a subsequent suit on defendant's claim absent a compulsory

8  counterclaim rule; (3) whether substantially the same evidence will be used to support and refute

9  the initial claim and counterclaim; and (4) whether there is a logical relation between the claim

10  and counterclaim.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 495-499 (9th Cir. 2000).

11      As explained above, DPC has already conceded that this lawsuit  and the Colorado Action

12  are based on the very same issues of law and fact.  Similarly, *res judicata* would bar DPC's claims

13  from being tried in California, as the same claims will be decided in the Colorado Action.[4]  There

14  is a logical relation between DPC's claims and QC's claims.  The Court should now put an end to

15  DPC's forum shopping efforts and, pursuant to Fed. R. Civ. P. 13(a), dismiss this Action, ordering

16  DPC to promptly bring its claims as compulsory counterclaims in the Colorado Action if it so

17  chooses.

18      **C.     Transfer Of Venue To Colorado Is Proper**

19      Alternatively, if the Court does not dismiss the case in its entirety, it should transfer the

20  case to the District of Colorado.  Transfer is proper under both the first-to-file and compulsory

21  counterclaim doctrines.  *Sutter Corp. v. PMP Indus., Inc.*, 125 F.3d 914, 917-918 (5th Cir. 1997)

22  (first-to-file rule trumps and protects the earliest action where venue is proper in both federal

23  courts); *Fakespace Labs, Inc.*, 2000 U.S. Dist. LEXIS 17678, at *4-5 (court holding that first-to-

24  file rule authorizes transfer of action to court in which first filed action is pending).  Venue is

25  proper in the District of Colorado because QC resides in Colorado, QC and DPC are subject to

26  _____

27      [4] For example, in this action, DPC seeks to cancel the very same trademark that QC asserts
    in the Colorado Action.  (*Compare* Lieb Decl., ¶ 3, Ex. 1, pp. 9-10, ¶¶ 24-28 *with* Lieb Decl., ¶ 8,
    Ex. 6, pp. 3-6, ¶¶ 9-23.)  Substantially the same evidence will be used to support or refute each of

28  the claims in the two actions.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

392274.1

9

1   personal jurisdiction in Colorado, and a substantial part of the events or omissions giving rise to

2   the claims in this action occurred in Colorado.  (Lieb Decl, ¶ 3, Ex. 1, pp. 1-3, ¶¶ 1-7.)

3   Additionally, the District of Colorado has jurisdiction based upon diversity of citizenship under 28

4   U.S.C. § 1332(a) and under 28 U.S.C. §§ 1331 and 1338.[5]  Therefore, should the Court be

5   disinclined to outright dismissal of the present action, it should simply transfer this action to the

6   District of Colorado.  Indeed, the first-to-file rule, with its concern regarding the interests of

7   justice and judicial efficiency, weighs heavily in favor of such a transfer.

8   **IV.     CONCLUSION**

9           QC respectfully requests that the Court dismiss this matter without prejudice so that DPC

10  can, if at all, assert its claims as counterclaims in the Colorado Action.  In the alternative, QC

11  respectfully requests transfer of this Action to United States District Court for the District of

12  Colorado so that it can be consolidated with the first-filed and ongoing Colorado Action.

13  DATED:  April 4, 2008                    PAYNE & FEARS LLP

14

15                                          By: /s/ *Richard S. Falcone*
                                                    RICHARD S. FALCONE

16
                                            Attorneys for Defendants
17                                          QUALMARK CORPORATION and QUALMARK
                                            LING CORPORATION
18
    392274.1
19

20

21

22

23

24

25

26  _____

27          [5] Arguments concerning convenience of the witnesses and the parties are properly
    addressed, in the first instance, to the court in the first-filed action.  *See Pacesetter Systems,Inc v.
    Medtronic, Inc.,* 678 F.2d 93,96 (9th Cir. 1982); *Isle Capital Corp., supra*, 2006 U.S.Dist. LEXIS
28  24866, at *12.

*Left margin vertical text:* PAYNE & FEARS LLP  ATTORNEYS AT LAW  ONE EMBARCADERO CENTER, SUITE 2300  SAN FRANCISCO, CA 94111  (415) 398-7860

392274.1

10

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE; MEMORANDUM AND POINTS AND AUTHORITIES                    Case No. C08 01717 MMC

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

## PROOF OF SERVICE

*Data Physics Corporation v. Qualmark Corporation et al.*
United States District Court for the Northern District of California

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, California 94111.

On April 4, 2008, I served the following document(s) described as

**DEFENDANTS QUALMARK CORPORATION'S AND QUALMARK LING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF COLORADO, WITH INCORPORATED MEMORANDUM AND POINTS AND AUTHORITIES**

on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Robert W. Payne                           Attorneys for Data Physics Corporation
Alan E. Engle
Nicole A. Smith
LaRiviere, Grubman & Payne LLP
19 Upper Ragsdale Drive
Monterey, CA 93942-3140

☐ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection by Overnite Express, and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 4, 2008, at San Francisco, California.

*Bliss Birchett*
BLISS BIRCHETT

392372.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE
TO THE DISTRICT OF COLORADO; MEMORANDUM AND POINTS AND AUTHORITIES    CASE NO. C08 01717 MMC