Robert W. Payne (CA Bar No. 073901)
Alan E. Engle (CA Bar No. 224779)
Nicole A. Smith (CA Bar No. 243823)
LaRiviere Grubman & Payne, LLP
19 Upper Ragsdale Drive, Suite 200
PO Box 3140
Monterey, CA 93942
Voice (831) 649-8800
Fax (831) 649-8835
rpayne@lgpatlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DATA PHYSICS CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUALMARK CORPORATION, a Colorado Corporation; QUALMARK LING CORPORATION; a Colorado Corporation; and DOES 1-30, inclusive,<br><br>Defendants | Case No.: C08-01717 MMC<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**<br><br>Date:        May 23, 2008<br>Time:       9:00 a.m.<br>Courtroom: Courtroom 7 |

## TABLE OF CONTENTS

I. PROCEDURAL HISTORY ................................................................................................ 1

II. BACKGROUND ............................................................................................................... 2

III. ARGUMENT .................................................................................................................... 4

    A. The First to File Rule is Discretionary ................................................................... 5

    B. The First to File Rule Does Not Apply .................................................................. 5

    C. Data Physics' Claims are Not Compulsory Counterclaims .................................... 7

    D. If the Court Finds that that the First to File Rule Applies,
       It Should Stay this Action Until the Colorado Court
       Decides Data Physics' Motion to Transfer ........................................................... 8

III. CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) .................... 4, 5, 6

*Best Western Int'l, Inc. v. Mahroom*, 2007 U.S. Dist. LEXIS 32969, 3-4 (D. Ariz. May 3, 2007) ............................................................................................. 5

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947) ........................................ 5

*Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, 2007 U.S. Dist. LEXIS 31753 (N.D. Cal. Apr. 18, 2007) ........................................................................ 4

*Isle Capital v. Koch Carbon*, 2006 U.S. Dist. LEXIS 24866 (N.D. Cal. March 28, 2006) ............................................................................... 8

*New SVE, Inc. v. UAV Corp.*, 2003 U.S. Dist. LEXIS 5653, 2 (N.D. Ill. Apr. 7, 2003) ................................................................................. 7

*Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) ....................................................................................... 7

*Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, 2005 U.S. Dist. LEXIS 1643, 6-7 (W.D. Tex. Feb. 1, 2005) ............................................. 6

**Statutes**

28 U.S.C. § 1404 ............................................................................................. 1

**Rules**

Federal Rule of Civil Procedure 13(a) ..................................................... 1, 7

OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR TRANSFER
CASE NO. C08-01717 MMC

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDUAL HISTORY

This is a California action brought by Data Physics, a California-based company, against Qualmark and Qualmark Ling (collectively "Qualmark"), both Colorado corporations, on claims arising under California state law. Data Physics' Complaint asserts claims for cancellation of Qualmark's California state trademark registration for LING ELECTRONICS, unfair competition under California Business and Professions Code § 17200 and the Lanham Act, interference with prospective economic relations, trade libel, and slander of title.

Previously, on December 21, 2007, defendants filed suit against Data Physics in the District Court for Colorado, Case No. 1:07-cv-02665-REB-KLM, for infringement of its California trademark and its alleged common law marks to LING and LING ELECTRONICS, misappropriation of business value, unjust enrichment, and unfair competition under federal and Colorado state law. On March 19, 2008, prior to Qualmark's removal of this matter to this Court, Data Physics filed a motion in Colorado under 28 U.S.C. § 1404 to transfer the action to the Northern District of California for the convenience of parties, witnesses, and because the core of the allegations raised by Qualmark relate to rights conferred by the state of California, activities within California, and issues of California law.

Data Physics did not plead any counterclaims in the Colorado action, because its claims against Qualmark, asserted in this action, do not arise out of the same "transaction or occurrence" as those alleged by Qualmark. Fed.R.Civ.P. 13(a). Instead, as is its right, Data Physics opted to file the current action in the venue most appropriate for its claims to be heard.

Qualmark now seeks to have this action dismissed or transferred to the District of Colorado based on the "first to file" rule, even though there is a currently pending motion in Colorado to transfer that action to the Northern District of California. However, because the

issues in the two cases are not substantially similar and because California has a distinct and unique governmental interest in having matters of local import adjudicated by a California-based court, Qualmark's motion should be denied. Alternatively, the Court should stay this matter until the Colorado Court has decided the pending Motion to Transfer to prevent the possibility of a cross-transfer of the actions.

## II.  BACKGROUND

Data Physics and Qualmark are competitors in the field of vibration testing equipment. Both parties manufacture "shakers" within which parts or equipment are subjected to vibration stress over a sustained period to test durability. As alleged in the Complaint, "Ling" is a prominent name in the shaker industry. Payne Decl., Ex. A. In one form or another, various entities have manufactured and sold "Ling" shakers for over 40 years. This has resulted in a large install base of "Ling" shakers that occasionally need parts, service, or replacement.

Prior to 2003, Data Physics' business was focused on supplying dynamic signal analyzers and vibration controllers for shakers and other systems. In 2003, Data Physics entered into an exclusive distribution agreement with Qualmark's predecessor in interest, SatCon Technology Corporation, for SatCon to supply "Ling" shakers for vibration test systems sold by Data Physics. Due to concerns about SatCon's lack of intellectual property protection in the "Ling" name, Data Physics incorporated a subsidiary "Ling Electronics" in California in September 2003 to help protect its efforts toward expanding the brand.

In December 2005, Qualmark purchased SatCon's Ling business unit and since that time has attempted to manufacture and market "Ling" shakers and parts. After the purchase, Qualmark registered a California state trademark for LING ELECTRONICS and sought federal registration for LING, which has been opposed by Data Physics in proceedings before the Patent

and Trademark Office. The PTO proceeding was stayed after Qualmark filed the Colorado case.

As indicated, the central claim in the Colorado action is for trademark infringement arising from Data Physics' use of the Ling Electronics trade name. This action is separate and distinct. Data Physics has brought this case against Qualmark to stop its interference with Data Physics' business and customers. In particular, Data Physics is concerned that Qualmark has engaged in improper conduct in an effort to gain the ability to manufacture high-performance shakers by obtaining the identity of Data Physics' confidential manufacturing partners in the hope that they will use knowledge and information obtained from Data Physics to manufacture parts and equipment for Qualmark. *See* Decl. of Kevin McIntosh.

Data Physics is further concerned about false statements Qualmark and its agents have made to the U.S. military and other customers essentially disparaging its products and claming that Data Physics has no right to use the California-registered trade name Ling Electronics and has no right to sell Ling-compatible shakers and products. Such statements serve to create the impression that Data Physics' is an inferior manufacturer and that its products lack superior design and engineering. Data Physics is especially concerned with this interference because, based on its prior experience with SatCon and subsequent information, it believes that Qualmark lacks the knowledge and skill, due to numerous moves, employee attrition, and inexperienced suppliers, to manufacture high-performance shaker products.

Thus, while the LING and LING ELECTRONICS trademarks asserted in the Colorado action are not completely irrelevant to this dispute, the gravamen of Data Physics' Complaint in this action is unfair competition and economic interference, not trademark rights. As such, Data Physics' claims are directed to Qualmark's malfeasance and do not concern the same

1  "transaction or occurrence" as the infringement alleged in Colorado.

2  **III.  ARGUMENT**

3  Qualmark asserts that the Court should dismiss or transfer this action based on the "first to file" rule, which requires that a later filed action between the same parties and concerning the same issues be transferred, stayed, or dismissed (typically with leave to file counter-claims) in favor of the first-filed action. *Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, 2007 U.S. Dist. LEXIS 31753 (N.D. Cal. Apr. 18, 2007). However, the first to file rule does not apply in this case. There is no unity of issues between the current action and the Colorado case. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("[I]f the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule would be reversible error for it would constitute a misapplication of the law.")

The central issue in the Colorado action is whether Data Physics has infringed any legitimately held trademark of Qualmark or Qualmark Ling. Colorado Complaint, Payne Decl., Ex. B. As such, the evidence and proof in that action will center around Data Physics' use, if any, of the asserted LING and LING ELECTRONICS marks, whether any such use has resulted in customer confusion, and whether Qualmark has any legitimate rights in the marks. On the other hand, in this action Data Physics alleges that Qualmark has committed unfair competition and other business torts against it. Complaint at ¶¶ 24-54, Payne Decl. Ex. A. The "transactions or occurrences" that give rise to Data Physics' claims are contacts made by Qualmark to Data Physics' customers and suppliers, not alleged infringing activities of Data Physics.

The only overlap between the cases is that Data Physics seeks cancellation of Qualmark's California registration to LING ELECTRONICS in both actions. Data Physics brings this cancellation claim here both to vindicate its right to operate its California subsidiary, Ling Electronics, and because a court located in California is best situated to resolve a conflict

between a California trade name user and a California trademark holder. However, to the extent the validity of the California trademark is adjudicated in the Colorado action, Data Physics fully expects that the parties will be collaterally estopped from relitigating the matter before this court.

Finally, even if the Court finds that application of the first to file rule is warranted, it should stay proceedings until the Colorado Court issues a decision on Data Physics' Motion to Transfer to the Northern District of California. This will ensure that the two cases are not cross-transferred.

### A. The First to File Rule is Discretionary

In deciding whether to apply the first-to-file rule, courts look to three threshold factors: "'(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues.'" *Best Western Int'l, Inc. v. Mahroom*, 2007 U.S. Dist. LEXIS 32969, 3-4 (D. Ariz. May 3, 2007), quoting *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.Cal. 2003). Additionally, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the [district] courts.'" *Alltrade*, 946 F.2d at 628.

Here there is no dispute that Qualmark filed first and that the parties are the same. However, as will be shown, the issues in this case and the Colorado action are not similar enough to warrant depriving the plaintiff of its choice of forum, particularly where facts and events underlying the action largely occurred in California and the dispute involves questions of California law. As noted by the Supreme Court, "There is a local interest in having localized controversies decided at home. There is an appropriateness too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947).

California has an independent governmental interest in having issues related to its trademarks and business entities decided in California. That, and the convenience to Data Physics and likely third-party witnesses, as well as the availability of compulsory process, is why Data Physics initially filed this action in California state court. Qualmark has removed this action based on diversity of citizenship, but that does not extinguish the local interest in this matter. The Court should exercise its discretion to ensure that venue remains in California.

### B. The First to File Rule Does Not Apply

The exercise of such discretion against transfer is particularly appropriate where, as here, the issues in the two cases do not significantly overlap. Courts look to the complaints of the parties to determine whether the issues in two actions are sufficiently similar to justify application of the first to file rule. *See Alltrade*, 946 F.2d at 625. A comparison of Data Physics' Complaint in this action with the Complaint filed by Qualmark in the Colorado case demonstrates just how different the issues are.

Qualmark has asserted claims for Declaration of Trademark Ownership, Federal Trademark Infringement, Common Law Trademark Infringement, Violation of the Colorado Consumer Protection Act, Misappropriation of Business Values, Unjust Enrichment, and Infringement of a California Trademark. Colorado Complaint, Payne Decl., Ex. B. On the other hand, this action concerns independent wrongs committed by Qualmark against Data Physics. The Complaint alleges causes of action for Unfair Competition under Cal. Bus. Prof. Code § 17200, Unfair Competition Under the Lanham Act, Intentional and Negligent Interference with Prospective Economic Advantage, Trade Libel, Slander of Title, and invalidity of a California Trademark. The differences between the actions renders the first to file rule inapplicable here. *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, 2005 U.S. Dist. LEXIS 1643, 6-7 (W.D. Tex. Feb. 1, 2005) (refusing to apply first to file rule when one action concerned patent

1  infringement and the second action asserted unfair competition).

2  Furthermore, as described above and further detailed in the two Complaints, the
3  underlying facts and circumstances giving rise to the two actions are separate and distinct. In
4  light of these differences, application of the first to file rule is simply not warranted.

### C. Data Physics' Claims are Not Compulsory Counterclaims

Qualmark argues that Data Physics' claims are compulsory counterclaims that should have been brought in the Colorado action. The Federal Rules of Civil Procedure state that a counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a). More specifically, a counterclaim is compulsory if "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987). Additionally, "Federal Rule of Civil Procedure 13(a) does not expressly bar a party from bringing an independent action it could have brought as a compulsory counterclaim in a pending action." *New SVE, Inc. v. UAV Corp.*, 2003 U.S. Dist. LEXIS 5653, 2 (N.D. Ill. Apr. 7, 2003).

Other than Data Physics' claim for invalidity of the California trademark, which has been asserted as an affirmative defense in the Colorado Action, the claims of the parties in the two actions do not overlap. In the Colorado action, Qualmark is asserting that Data Physics has infringed Qualmark's alleged trademarks to LING and LING ELECTRONICS. In this action, Data Physics is asserting that Qualmark has interfered with its business by attempting to poach its confidential suppliers and misinforming customers that Data Physics has no right to make and sell shakers and products under its Ling Electronics trade name.

As with any dispute between the same parties, there will likely be some common characteristics between the two proceedings, if for no other reason that facts and witnesses

concerning the parties' operations, prior relationship, and the broader industry will be similar; but considerations of efficiency should not be used to trump a plaintiff's right to assert independent claims in the time and place it desires. The standards for evaluating whether a counterclaim is compulsory are directed to both "judicial economy and fairness," and a decision by one party to bring an action in its home forum cannot fairly be used to deprive another party of the right to bring an independent action in the forum of its choosing.

### D. If the Court Finds that that the First to File Rule Applies, It Should Stay this Action Until the Colorado Court Decides Data Physics' Motion to Transfer

A Motion to Transfer the Colorado case to the Northern District of California was filed prior to the instant motion and is currently pending in the Colorado case. To the extent the Court determines that the first to file rule may apply in this action, Data Physics requests that this matter be stayed pending a decision on the Colorado Motion to Transfer. It is not unlikely that the Colorado Court will decide that its action should be decided in California. Thus, a decision to stay would be appropriate and would prevent a cross transfer of the actions, each passing the other. *See, e.g., Isle Capital v. Koch Carbon*, 2006 U.S. Dist. LEXIS 24866 (N.D. Cal. March 28, 2006) (staying case until resolution on Motion to Dismiss in first-filed action).

### IV. CONCLUSION

This action and that currently pending in the district of Colorado are separate and distinct and involve different issues of fact and law. The first to file rule should not be used as a vehicle

///
///
///
///
///
///

OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR TRANSFER
CASE NO. C08-01717 MMC

8

to tie them together and deprive Data Physics of its choice of forum. However, if the Court determines otherwise, it should stay this action pending resolution of the Motion to Transfer currently pending in Colorado.

                Respectfully Submitted,

Dated this 25th day of April, 2008        LARIVIERE GRUBMAN & PAYNE, LLP

By: /s/ Robert W. Payne
Robert W. Payne
19 Upper Ragsdale Drive, Suite 200
PO Box 3140
Monterey, CA 93942
(831) 649-8800

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action. My business address is 19 Upper Ragsdale Drive, Suite 200, Monterey, California, 93940. On April 25, 2008, I served the following document:

**OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

> Richard S. Falcone
> Payne & Fears LLP
> One Embarcadero Center, Suite 2300
> San Francisco, CA 94111

__X__  **U.S. MAIL**: I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addresses(s) designated. I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

_____  **HAND DELIVERY**: I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

_____  **BY FACSIMILE**: By use of facsimile machine telephone number (***) ***-****, I served a copy of the within document on the below parties at the facsimile number listed. The transmission was reported as complete and without error.

__X__  **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 25, 2008 at Monterey, California.

_____
Tabatha Morgan
Paralegal

DECLARATION OF ROBERT W. PAYNE IN OPPOSITION TO MOTION TO DISMISS
Case No. C 08 01717 MMC

1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DATA PHYSICS CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QUALMARK CORPORATION, a Colorado Corporation; QUALMARK LING CORPORATION; a Colorado Corporation; and DOES 1-30, inclusive,<br><br>Defendants | Case No.: C08-01717 MMC<br><br>**[PROPOSED] ORDER RE QUALMARK'S MOTION TO DISMISS OR TRANSFER**<br><br>Date:     May 23, 2008<br>Time:    9:00 a.m.<br>**Courtroom: Courtroom 7** |

Upon due consideration of Defendants' Motion to Dismiss or, In the Alternative, to Transfer Venue to the District of Colorado, the Court finds that the issues before the Colorado District Court in Case No. 1:07-cv-02665-REB-KLM and the issues before this Court in this matter are not similar enough to warrant application of the first to file rule. Thus, the Court exercises its discretion and DENIES Defendants' Motion.

Dated this ___ day of _____, 2008

_____
Hon. Maxine M. Chesney
United States District Judge

[PORPOSED] ORDER RE QUALMARK'S
MOTION TO DISMISS OR TRANSFER
CASE NO. C08-01717 MMC

1