Richard S. Falcone, Bar No. 95265
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863
rsf@paynefears.com

Attorneys for Defendants
QUALMARK CORPORATION and
QUALMARK LING CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DATA PHYSICS CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUALMARK CORPORATION, a Colorado Corporation; QUALMARK LING CORPORATION, a Colorado Corporation; and DOES 1 - 30, inclusive,<br><br>Defendants. | CASE NO. C08 01717 MMC<br><br>**DEFENDANTS QUALMARK CORPORATION'S AND QUALMARK LING CORPORATION'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**<br><br>Hearing Date: May 23, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

**I.     INTRODUCTION**

Defendants Qualmark Corporation and Qualmark Ling Corporation (collectively "QC") moved to dismiss or in the alternative to transfer this action to the United States District Court for the District of Colorado based upon the first-to-file rule and compulsory counterclaim doctrine. Plaintiff Data Physics Corporation ("DPC") opposes dismissal and transfer, primarily based upon an improper understanding of the allegations set forth *in its own* Complaint. DPC also incorrectly suggests this case should be stayed, rather than immediately dismissed or transferred. The Court should now not hesitate to dismiss or transfer DPC's later filed California action.

**II.     DPC'S STATEMENT OF BASIS FOR ITS OWN CLAIMS IS ERRONEOUS**

DPC asserts in its Opposition to QC's Motion that the factual "gravamen" of its Complaint

are:

- QC has told customers that DPC does not have the right to use LING ELECTRONICS in connection with the sale of shakers;

*and*

- QC is attempting to improperly obtain DPC's confidential information from three DPC vendors.

(*See* DPC Opp. at p. 3.) DPC's first point is the mirror-image of QC's infringement allegations, and therefore fully supports dismissal or transfer of this action. DPC's second point does not exist anywhere in DPC's Complaint -- it is a recent fabrication, presumably raised in desperation to stave off dismissal or transfer -- and thus irrelevant.

### A. **DPC Has Not Asserted Attempted Theft Of Confidential Information in Its Complaint**

DPC now belatedly claims, based upon speculative allegations set forth in the Declaration of Kevin McIntosh, that it is "concerned" QC is attempting to steal its trade secrets by cozying up to DPC vendors. No such factual allegations are set forth in DPC's Complaint -- probably because to make such allegations would have violated Fed. R. Civ. P. 11.[1] The issue is a red herring and should be disregarded.

### B. **DPC's California Claims Are A Mirror Image Of QC's Earlier Filed Colorado Claims**

QC basically alleges in their first-filed Colorado Complaint that:

- LING and LING ELECTRONICS are protectable trade and service marks for electronic shaker equipment and related services;

- QC owns those marks, including federal and state common law rights and a California trademark registration;

---

[1] QC obtained fostered and developed relationships with the identified vendors through proper means and QC has not done anything to try and obtain DPC information from those vendors. (*See* Declaration of Greg Leger ("Leger Decl."), filed concurrently herewith.) In any case, Mr. McIntosh's speculative allegations play no role in this Court's analysis of claims actually asserted in the parties' competing Complaints.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

395592.1

2
REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE         Case No. C08 01717 MMC

- DPC is improperly using LING and LING ELECTRONICS to sell shaker equipment in violation of QC's federal and state common law rights and California trademark registration and has the right to inform customers of these facts.

DPC basically alleges in its second-filed Complaint that:

- LING and LING ELECTRONICS are not protectable trade or service marks for electronic shaker equipment and related services;
- QC does not properly own those marks, including any federal or state common law marks and that the California registration is invalid;
- DPC can properly use LING and LING ELECTRONICS to sell shakers and QC's statements to the contrary are a violation of DPC's rights.

The following chart aptly demonstrates these points and how the parties' respective claims compare and match up:

| FIRST-FILED COLORADO ACTION | SECOND-FILED CALIFORNIA ACTION |
|---|---|
| 1. Infringement of California Trademark Registration ("Ling Electronics" mark) | 1. Cancellation of California Trademark ("Ling Electronics" mark) |
| 2. Federal Trademark Infringement under Lanham Act (based on alleged improper use of "Ling" and "Ling Electronics" marks) | 2. Federal Unfair Competition under Lanham Act (based on QC's statements that DPC is not allowed to use "Ling" or "Ling Electronics" marks) |
| 3. Common Law Trademark Infringement ("Ling" and "Ling Electronics" marks) | 3. Subsumed by federal and California unfair competition claims |
| 4. Declaration of Trademark Ownership ("Ling" and "Ling Electronics" marks) | 4. Subsumed by federal and California unfair competition claims |
| 5. Statutory Deceptive Trade Practices under Colorado Consumer Protection Act (based on unlawful use of "Ling" | 5. Statutory Unfair Competition under California Business and Professions Code (based on alleged unlawful use of |

3

395592.1   REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE            Case No. C08 01717 MMC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

| | | | |
|---|---|---|---|
| | mark) | | "Ling" mark) |
| 6. | Misappropriation of Business Values (for improper use and marketing of "Ling" and "Ling Electronics" marks) | 6. | Tortious Interference with Prospective Economic Relations (based on alleged unlawful use and claim of ownership of "Ling" mark) |
| 7. | Unjust Enrichment (for improper use and marketing of "Ling" and "Ling Electronics" marks) | 7. | Trade Libel/Slander of Title (for improper use and claim of ownership of "Ling" mark) |

Any doubt of overlap of the two lawsuits is further removed by DPC's own binding allegation, where it succinctly states in paragraph 9 of its original Complaint:

> ***This dispute is centered around the use of the name "Ling" and "Ling Electronics" in connection with the sale of shakers and related vibration testing equipment.***

The same parties are fighting about identical issues in two different jurisdictions. That is not appropriate -- the first-filed case should move forward -- the later-filed case should be dismissed or transferred. Otherwise a stay will result in "possible fragmentation of the parties' claims," which this Court previously has found to be a compelling reason to order a transfer (as opposed to a stay). *See Soward v. The & Trust*, 2007 U.S. Dist. LEXIS 77287, * 12 (N. D. Cal. 2007) (transfer ordered by Judge Chesney); *see also*, *Bridgelux, Inc. v. Cree , Inc*., 2007 U.S. Dist. LEXIS 53137 at *13 (N.D. Cal. 2007) (opinion by Judge Hamilton ordering dismissal of second filed action); *Fakespace Labs, Inc. v. Robinson*, 2000 U.S. Dist. LEXIS 17678, * 4-5 (N. D. Cal 2000) (opinion by Judge Alsup ordering transfer of second filed case).

### III.   THE FIRST-TO-FILE RULE COMPELS DISMISSAL OR TRANSFER

DPC suggests the first-to-file rule is always discretionary and that it should not be applied here because the issues presented by the parties' competing Complaints are dissimilar. DPC is wrong on both counts. First, as discussed above, the issues actually pled in the parties' respective Complaints are mirror images of one another. Second, the first-to-file rule is to be followed unless the first-filed action was filed in bad faith. *All Trade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622,

4

627-28 (9th Cir. 1991). DPC does not argue that QC filed its Colorado action for any improper purpose and, thus, application of the first-to-file rule is mandatory and requires dismissal or transfer of this action.[2]

## IV. THE COMPULSORY NATURE OF DPC'S CLAIMS COMPELS DISMISSAL OR TRANSFER

DPC cites an Illinois district court decision -- *New SVE, Inc. v. UVA Corp.*, 2003 U.S. Dist. LEXIS 5653, *2 (N.D. Ill. Apr. 7, 2003) -- for the proposition that Fed. R. Civ. P. 13(a) does not expressly bar a party from bringing an independent action it could have brought as a compulsory counterclaim in a pending action. Obviously, the case has no precedential value in this Circuit, but it also is readily distinguishable. First, unlike the Ninth Circuit, where the 'first-to–file rule is strictly applied and "should not be disregarded lightly" (*see Church of Scientology v. US. Dept. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)), the Seventh Circuit adheres to a more "relaxed" application of that rule. *New SVE, supra,* at *2-3. Second, the district court in *New SVE* indicated that the second action filed in Illinois should be stayed if the claims being asserted were "compulsory counterclaims" to those claims filed in the earlier South Carolina district court action. *Id*. at *3. Third, ultimately the *New SVE* district court determined that the lawsuit filed in the earlier South Carolina action was to address "different claims altogether," and therefore were not compulsory. *Id*.

---

[2] DPC cites *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) for the proposition that local cases should be decided in a local forum. The *Gulf Oil Corp.* decision concerns a case where subject matter jurisdiction is based upon diversity, not federal subject matter jurisdiction. Both DPC's and QC's primary claims are based upon the Lanham Act, making *Gulf Oil Corp.* inapplicable to the present situation.

DPC similarly inappropriately relies upon *Rooster Prods. Int'l, Inc. v. Custom Leather Craft Mfg. Co.*, 2005 U.S. Dist. LEXIS 1643, *6-7 (W.D. Tex. Feb. 1, 2005). *Rooster Prods.*, is factually distinguishable from the present case, while at the same time, legally supporting QC's position. First, *Rooster Prods.* reiterates that the issues in the two cases need not be identical, but only need have a "common subject matter." *Rooster Prods.*, 2005 U.S. Dist. LEXIS 1643 at *6. That standard is easily met in this situation. Second, the *Rooster Prods.* Court expressly found that its lawsuit involved <u>different</u> claims and <u>different</u> products from the first filed California action; not here the situation. *Id*. at *6. DPC's citation to *Rooster Prods.* completely underscores DPC's bad faith in bringing the present action in the first place.

1    In contrast, QC has indisputably established that the claims in this action are "compulsory" to those asserted in first-filed Colorado Action. (*See* Chart above.) Moreover, relevant case law and analysis in this Circuit, both of which are set forth in QC's Motion and neither of which are distinguished or discussed by DPC (*see e.g.; Fakespace Lab*s, *supra*), shows DPC's claims are compulsory in the Colorado case.

## V.   THE COURT SHOULD NOW DISMISS OR TRANSFER, NOT STAY THIS ACTION

The Colorado action is moving full steam ahead with QC's Colorado action. Before DPC even filed its Complaint, Judge Robert E. Blackburn had issued an Order referring the Colorado case to Magistrate Judge Kristen L. Mix to convene a scheduling conference, to conduct status conferences, to conduct a settlement conference, to determine matters and to enter a pretrial order. (*See* Declaration of Robert R. Brunelli ("Brunelli Decl."), ¶ 3, Exh. 1, filed concurrently herewith.) As ordered, Judge Mix did hold a Scheduling Conference and has issued a Scheduling Order. (*Id.*, ¶ 4, Exh. 2.) Pursuant to that Order, the parties are to complete discovery by January 19 and file dispositive motions by February 20, 2009. The parties have also already made their Fed. R. Civ. P. 26(a)(1) disclosures and propounded both interrogatories and document requests upon each other in the Colorado action. Responses to those requests are currently due about the end of May 2008. (*Id.*, ¶ 6.) Finally, Judge Blackburn has issued a Trial Preparation Conference Order, requiring the parties to raise Fed. R. Evid. 702 issues by mid-December 2008, setting a Trial Preparation Conference to be held on March 6, 2009, and setting an eight-day jury trial to commence on March 23, 2009. (*Id.*, ¶ 5, Ex. 3.) There is no reason to stay the present case to avoid cross-transfer of cases -- the Colorado action is moving forward. Further, even if the Colorado action is transferred, DPC can at that point in time raise its claims as counterclaims in the transferred case. Again, there is no reason to stay, as opposed to dismissing or transferring, this action.

## VI.   CONCLUSION

DPC has engaged in procedural gamesmanship and now cannot be heard to complain that its Complaint, which never should have been brought in the first place, should immediately be

6

395592.1    REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE    Case No. C08 01717 MMC

ordered dismissed or transferred to Colorado.

DATED: May 2, 2008        **PAYNE & FEARS** LLP

By: _____
RICHARD S. FALCONE
Attorneys for Defendants
QUALMARK CORPORATION and
QUALMARK LING CORPORATION

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

395592.1

7

REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Case No. C08 01717 MMC

# PROOF OF SERVICE

*Data Physics Corporation v. Qualmark Corporation et al.*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, California 94111.

On May 2, 2008, I served the following document(s) described as

**DEFENDANTS QUALMARK CORPORATION'S AND QUALMARK LING CORPORATION'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**

on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Robert W. Payne                    Attorneys for Data Physics Corporation
Alan E. Engle
Nicole A. Smith
LaRiviere, Grubman & Payne LLP
19 Upper Ragsdale Drive
Monterey, CA 93942-3140

☐ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection by Overnite Express, and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 2, 2008, at San Francisco, California.

*Bliss Birchett*
BLISS BIRCHETT