Richard S. Falcone, Bar No. 95265
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863
rsf@paynefears.com

Attorneys for Defendants
QUALMARK CORPORATION and
QUALMARK LING CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DATA PHYSICS CORPORATION, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> QUALMARK CORPORATION, a Colorado Corporation; QUALMARK LING CORPORATION, a Colorado Corporation; and DOES 1 - 30, inclusive, <br><br> Defendants. | CASE NO. C08 01717 MMC <br><br> **DECLARATION OF ROBERT R. BRUNELLI IN SUPPORT OF DEFENDANTS QUALMARK CORPORATION'S AND QUALMARK LING CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF COLORADO** <br><br> Hearing Date:    May 23, 2008 <br> Time:            9:00 a.m. <br> Courtroom:       7, 19th Floor <br> Judge:           Hon. Maxine M. Chesney |

I, ROBERT R. BRUNELLI, hereby declare as follows:

1.     I am over the age of 18.  I have personal knowledge of the facts set forth below and, if called upon to do so, could and would competently testify thereto.

2.     I am a patent attorney and a shareholder of the law firm of Sheridan Ross P.C., located in Denver, Colorado, and represent Defendants Qualmark Corporation and Qualmark Ling Corporation in the pending litigation in the U.S. District Court for the District o f Colorado, Case No. 07-CV 02655-REB-KLM ( the "Colorado Action").

3.     Attached hereto as Exhibit 1 is a true and correct copy of the December 27, 2007 Order [Doc. No. 3] of Judge Robert E. Blackburn referring the Colorado Action to Magistrate

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1   assigned Magistrate Judge Kristen L. Mix.

2       4.      Attached hereto as Exhibit 2 is a true and correct copy of April 16, 2008

3   Scheduling Order [Doc. No. 26] entered by Judge Kristen L. Mix in the Colorado Action.

4       5.      Attached hereto as Exhibit 3 is a true and correct copy of the April 16, 2008 Trial

5   Preparation Conference Order [Doc. No. 27] entered by Judge Blackburn in the Colorado Action.

6       6.      The parties to the Colorado Action have already made their Fed. R. Civ. P. 26(a)(1)

7   disclosures and both have propounded interrogatories and document requests upon each other in

8   that action.  Responses to those requests are due by the end of May 2008.

9       Executed this 2nd day of May 2008, at Denver, Colorado.

10      I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct.

12

13

14  By: _____

15          ROBERT R. BRUNELLI

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

DECLARATION OF ROBERT R. BRUNELLI                                    Case No. C08 01717 MMC

## PROOF OF SERVICE

*Data Physics Corporation v. Qualmark Corporation et al.*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, California 94111.

On May 2, 2008, I served the following document(s) described as

**DECLARATION OF ROBERT R. BRUNELLI IN SUPPORT OF DEFENDANTS QUALMARK CORPORATION'S AND QUALMARK LING CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF COLORADO**

on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Robert W. Payne                    Attorneys for Data Physics Corporation
Alan E. Engle
Nicole A. Smith
LARIVIERE, GRUBMAN & PAYNE LLP
19 Upper Ragsdale Drive
Monterey, CA 93942-3140

☐  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐  **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒  **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection by Overnite Express, and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 2, 2008, at San Francisco, California.

*Bliss Birchett*
BLISS BIRCHETT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02665-REB-KLM

QUALMARK CORPORATION, and
QUALMARK LING CORPORATION, both Colorado corporations,

     Plaintiffs,

v.

DATA PHYSICS CORPORATION, a California corporation,

     Defendant.

---

## ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

     Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), United States Magistrate Judge Kristen L. Mix is designated to conduct proceedings in this civil action as follows:

(X)    Convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2.

(X)    Conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause.

(X)    Convene such settlement conferences and direct related procedures as may facilitate resolution of this case.

(X)    Hear and determine pretrial matters, including discovery and other non-dispositive motions.

()    Conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions.

(X)    Conduct a pretrial conference and enter a pretrial order.

EXHIBIT 1

IT IS ORDERED that this civil action is referred to the named magistrate judge to proceed according to the designations marked (X) above.

Dated December 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

EXHIBIT 1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02665-REB-KLM

QUALMARK CORPORATION, and
QUALMARK LING CORPORATION,
Both Colorado corporations,

      Plaintiffs,

v.

DATA PHYSICS CORPORATION, a California corporation,

      Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

      Pursuant to Fed. R. Civ. P. 16(b), a Scheduling/Planning Conference will be held on

April 16, 2008 at 9:00 a.m., and will be attended by:

    a.      Robert R. Brunelli
           Ian R. Walsworth
           Sheridan Ross P.C.
           1560 Broadway, Suite 1200
           Denver, Colorado 80202
           (303) 863-9700 – Telephone

           Attorneys For Plaintiffs
           Qualmark Corporation and
           Qualmark Ling Corporation

EXHIBIT 2

b.    Robert W. Payne
LaRiviere, Grubman & Payne LLP
19 Upper Ragsdale Drive
Suite 200
PO Box 3140
Monterey, California 93940
(831) 649-8800 – Telephone

Herbert A. Delap
Dufford & Brown P.C.
1700 Broadway, Suite 2100
Denver, Colorado 80290
(303) 861-8013 – Telephone

Attorneys For Defendant
Data Physics Corporation

## 2. STATEMENT OF JURISDICTION

This is an action for a declaration of trademark ownership, federal and common law

trademark infringement, and related claims.  The Court has subject matter jurisdiction over all

claims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201-2202 and 15 U.S.C. § 1121.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiffs' Statement of Claims and Defenses:

Plaintiff Qualmark Corporation ("QC") is engaged in the business of, among other things,

designing, manufacturing and marketing specialty equipment used to test the reliability, quality,

dependability and longevity of devices built by others.  Plaintiff Qualmark Ling Corporation

("QLC") is a wholly-owned subsidiary of QC that was formed to facilitate the transfer of assets from

the LING Electronics operating unit of SatCon Power Systems, Inc. ("SatCon"), including its

trademarks and service marks, in December 2005.  QC and QLC are hereinafter referred to

collectively as "Plaintiffs."

2

EXHIBIT 2

In March of 2006, QC obtained a California trademark registration for the mark LING ELECTRONICS for ED shakers and amplifiers for testing electronics and electro-mechanical devices. The California registration remains valid and enforceable until March 2016. In addition to a California trademark registration, QLC filed an application to federally register its LING trademark for electrical and scientific apparatus, namely a vibration table and control apparatus for using and testing industrial, electronic and electromechanical components and parts, ED shakers and amplifiers, vibration and environmental testing equipment and components and parts therefor with the United States Patent and Trademark Office ("USPTO") on March 14, 2006 in International Class 9. This application was allowed and published for opposition on June 26, 2007. On October 22, 2007, Defendant Data Physics Corporation ("DPC") filed a notice of opposition to that application. That opposition proceeding has been stayed pending resolution of this action.

DPC sells a variety of products, including equipment used to test the reliability, quality, dependability and longevity of devices built by others. For several years, DPC purchased electronic shaker equipment branded with the LING and LING ELECTRONICS trademarks from SatCon for resale under a distribution agreement with SatCon. Although the distribution agreement between SatCon and DPC ended in October 2005, DPC continues to sell shaker testing and related equipment under Plaintiffs' LING and LING ELECTRONICS trademarks.

Through years of uninterrupted use of the marks LING and LING ELECTRONICS on or in connection with ED shakers and related test equipment, Plaintiffs' predecessors in interest developed strong common law trademark rights in and to those marks. Upon acquisition of the LING and LING ELECTRONICS marks and the goodwill associated therewith, Plaintiffs own protectable

EXHIBIT 2

trademark and service mark rights in and to LING and LING ELECTRONICS for the use or in connection with ED shakers and amplifiers, vibration and environmental testing equipment, components and parts thereof and services to be provided to others relating to such equipment.

Plaintiffs bring the current action in response to DPC's continued use of the marks LING and LING ELECTRONICS without authorization from Plaintiffs and with knowledge of Plaintiffs' pre-existing and superior rights in and to those marks. Upon information and belief, DPC purposely chose to identify itself with Plaintiffs by using their trademarks to more easily reach Plaintiffs' established customers, and to otherwise freeride on Plaintiffs' goodwill and reputation. DPC's misappropriation and use of Plaintiffs' goodwill and reputation, by unauthorized use of Plaintiffs LING and LING ELECTRONICS trademarks was simply to provide DPC with a proven identity and to make sale of its ED shaker and related test equipment easier. DPC's actions are likely to have caused actual consumer confusion or mistake and/or have deceived the public as the source and/or quality of products and services offered under the LING and LING ELECTRONICS trademarks. Based on the foregoing, Plaintiffs seek a declaration of their ownership in and to the LING and LING ELECTRONICS trademarks, and assert claims for federal and common law trademark infringement of the LING and LING ELECTRONICS trademarks, infringement of QC's California trademark registration for the LING ELECTRONICS trademark, misappropriation of business values and unjust enrichment under Colorado law, and violation of the Colorado Consumer Protection Act.

4

EXHIBIT 2

b. Defendant's Statement of Claims and Defenses:

Since approximately 1984, Defendant Data Physics has been in the business of producing and supplying analyzers and controllers for use in testing the quality, reliability, and durability of equipment. Data Physics also manufacturers electrodynamic shakers for use with its analyzers and controllers and those of other suppliers. This dispute is centered around the use of the name "Ling" and "Ling Electronics" in connection with the sale of shakers and related vibration testing equipment.

As demonstrated by Plaintiffs' Statement above, the name "Ling" has an extensive and varied history in the industry. Over this history, there has been little oversight or consistency in the use of the "Ling" name in connection with the sale of electrodynamic shakers. Through such extensive use, the term "Ling" has become commonly understood to apply generally to shakers compatible with or similar to the large install base of "Ling" shakers made by entities that are now defunct or no longer in the business. In fact, the "Ling" name is now used by multiple different entities in the electrodynamic shaker industry, including Plaintiffs', and has become a generic indicator of a product type rather than a particular source.

Data Physics used to be an exclusive distributor of shakers made by SatCon, Qualmark's alleged predecessor in interest. In 2003, Data Physics entered into a strategic alliance with SatCon for the exclusive sale and distribution of SatCon's shakers, amplifiers, and acoustic transducers. In connection with this arrangement, Data Physics incorporated "Ling Electronics Corporation" in California as a wholly-owned subsidiary. Unfortunately, SatCon increasingly failed to supply products of adequate quality in a timely manner to Data Physics and the relationship suffered. The

5

EXHIBIT 2

shakers delivered by SatCon's Ling unit were below quality standards and often late and could not be integrated with Data Physics' high end products.

Plaintiffs' purport to have purchased exclusive rights to the "Ling" name from SatCon in December 2005. However, the products made by SatCon and now Qualmark are far removed from those of prior Ling entities. These shaker manufacturing assets has changed hands multiple times and, as a result, the high level of technical skill and craftsmanship required to manufacture quality shaker systems has been lost. Defendant is one of the few companies capable of manufacturing high quality large-scale shakers products that can replace prior "Ling" shakers.

As a consequence of these facts and others, Data Physics has asserted a number of affirmative defenses in this action, including the invalidity and unenforceability of Plaintiffs' California registration to "Ling Electronics," laches arising from the failure of SatCon or Qualmark to object to Data Physics' use of the "Ling" name for an extensive period of time, the lack of any enforceable rights in the "Ling" name by Qualmark, abandonment of any claimed common law "Ling" trademark, and others. Additionally, Data Physics has filed an action in California state court (for which Qualmark has now sought removal to the Norther District of California and transfer to this district) alleging, among other things, various business torts arising from Qualmark's false statements about its alleged rights to the "Ling" name and assertions about Data Physics' alleged infringement of such rights.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

6

EXHIBIT 2

1.     DPC is a California corporation having a place of business at 1741 Technology Drive, Suite 260, San Jose, California 95110.

2.     QC is a Colorado corporation having a principal place of business at 4580 Florence Street, Denver, Colorado 80238.

3.     QLC is a Colorado corporation having a principal place of business at 4580 Florence Street, Denver, Colorado 80238.

4.     James Ling founded an electronic contracting business, Ling Electronic Company, in Dallas, Texas in 1947.

5.     Ling Electronic Company purchased United Electronics of Newark, New Jersey and Caledyne Company of Winchester, Massachusetts circa 1958.

6.     Ling Electronic Company, United Electronics of Newark, New Jersey and Caledyne Company of Winchester, Massachusetts merged into Ling Electronics.

7.     In 1959, Ling Electronics merged with Altec and the new company was registered in Delaware as Ling-Altec.

8.     In approximately 1960 Ling-Altec merged with Temco and Vought and created a new company named LTV Ling Altec.

9.     LTV Ling Altec sold corporate assets in 1972, with some assets being assigned to a newly formed company, Altec Corporation.

10.    In 1983 Altec Corporation filed bankruptcy and sold its Ling Electronics division to Mechanical Technology Inc. ("MTI"), who sold its Ling Electronics unit to SatCon Technology Corporation ("SatCon") in 1999.

EXHIBIT 2

11.     DPC filed with the California Secretary of State an application to incorporate "Ling Electronics Corporation" as a wholly-owned subsidiary on September 23, 2003.

12.     On March 14, 2006 QLC filed a trademark application for the mark LING with the United States Patent and Trademark Office.

13.     Plaintiffs contacted counsel for DPC by letter dated August 29, 2007 demanding that DPC cease use of the LING and LING ELECTRONICS trademarks.

14.     By a letter dated September 9, 2007, counsel for DPC responded to Plaintiffs August 29, 2007 letter and requested specific information concerning Plaintiffs' ownership of the LING and LING ELECTRONICS trademarks.

15.     By a letter dated October 12, 2007, Plaintiffs responded to DPC's September 9, 2007 letter by providing the requested information.

16.     On October 22, 2007, DPC filed a notice of opposition to QLC's federal trademark application for the mark LING with the Trademark Trial and Appeal Board.

17.     DPC disputes Plaintiffs' ownership of the LING and LING ELECTRONICS trademarks.

## 5. COMPUTATION OF DAMAGES

a.     Plaintiffs' Statement:

At this time, Plaintiffs seek the award of their lost profits and the disgorgement of DPC's profits resulting from its trademark infringement, misappropriation of business values, unfair competition and violation of the CCPA. Plaintiffs' lost profits damages would be based upon its lost sales and the lessening of its goodwill associated with its products, all resulting from DPC's

EXHIBIT 2

unlawful actions. DPC's profits would be calculated pursuant to 15 U.S.C. § 1117 and other applicable law. Plaintiffs also seek a sum sufficient to cover the cost of corrective advertising to alleviate any existing confusion from DPC's unauthorized use of Plaintiffs' LING and LING ELECTRONICS trademarks. However, until discovery concerning the full scope and extent of DPC's unlawful actions has taken place, the amount of damages and the costs of appropriate corrective advertising cannot be ascertained. Plaintiffs also seek to have their damages trebled, seek the award of their attorney's fees and costs, and seek the award of pre- and post-judgment interest on any and all awards.

    b.    Defendant's Statement:

Defendant DPC denies any causation of damages and asserts that all expenses would be chargeable against its revenue in any "profit" calculation.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    Date of Rule 26(f) meeting.

        A Rule 26(f) meeting was held on April 8, 2008.

    b.    Names of each participant and party he/she represented.

        Benjamin B. Lieb
        Sheridan Ross P.C.
        1560 Broadway, Suite 1200
        Denver, Colorado 80202
        (303) 863-9700 – Telephone

        Attorneys For Plaintiffs
        Qualmark Corporation and
        Qualmark Ling Corporation

9

EXHIBIT 2

Robert W. Payne
Alan E. Engel
Nicole A. Smith
LaRiviere, Grubman & Payne LLP
19 Upper Ragsdale Drive
Suite 200
PO Box 3140
Monterey, California 93940
(831)649-8800 – Telephone

Herbert A. Delap
Dufford & Brown P.C.
1700 Broadway, Suite 2100
Denver, Colorado 80290
(303) 861-8013 – Telephone

Attorneys For Defendant
Data Physics Corporation

   c.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ.

P. 26(a)(1). None.

   d.     Rule 26(a)(1) disclosures ~~will be served by April 9, 20~~08. *have been*

   e.     No agreements to conduct informal discovery have been reached.

   f.     The parties do not anticipate that their claims or defenses will involve extensive

electronically-stored information, or that a substantial amount of disclosure or discovery will involve

information or records maintained in electronic format. Nevertheless, both parties have instructed

their respective clients, including their key personnel, to make reasonable efforts to preserve all

electronic and other evidence which is identifiably related to the litigation, and to make reasonable

and practical efforts to prevent inadvertent or automated destruction of relevant and material

electronic documents. The parties have further agreed that there shall be no waiver of privileges in

connection with production of electronically stored information, except upon written notice by the

10

EXHIBIT 2

receiving party or by acknowledgment by the producing party and failure to dispute or assert privilege within fourteen days thereafter. Each party shall retain the right to review for relevance and privilege the documents being produced prior to production. The parties have also agreed that they will meet and confer concerning the form of production of electronically-stored information, including the acceptable format for production of electronic or computer-based information, upon service of any discovery requests seeking production thereof.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

Defendant has filed a Motion to Transfer Venue of this action to the Northern District of California. Defendant believes it would be more efficient to await resolution of the motion before setting the case schedule, and suggests therefore that a case plan be set at a subsequent status conference only at or after venue and consolidation issues involving this action and the action Defendant has filed in California are resolved. Defendant further believes that the deadlines should allow sufficient time to have the venue and consolidation issues in both the Colorado and California actions resolved before substantial discovery and other pretrial work proceeds. Plaintiffs disagree and request that this proposed scheduling order, including the deadlines proposed by Plaintiffs, be adopted forthwith. In the event the Court sets dates at this time, the parties request dates as set forth below.

a.  Deadline for Joinder of Parties and Amendment of Pleadings: ~~May 31, 2008~~ June 30, 2008 (~~Plaintiffs' proposal); July 31, 2008 (Defendant's proposal, in view of the above).~~

11

EXHIBIT 2

b. Discovery Cut-off: January 19, 2009 (~~Plaintiffs' proposal); April 30, 2009~~ ~~(Defendant's proposal)~~.

c. Dispositive Motion Filing Deadline: February 9, 2009 *20* (~~Plaintiffs' proposal); May 31,~~ ~~2009 (Defendant's proposal)~~.

d. Expert Witness Disclosure:

(1) Plaintiffs anticipate utilizing experts in the fields of trademarks, surveys and damages.

(2) State any limitations proposed on the use or number of expert witnesses.

~~None.~~ *The parties are limited to 4 experts per side; w/o further leave of court.*

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 17, 2008 (~~Plaintiffs' proposal); February 15, 2009~~ (~~Defendant's proposal~~).

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 17, 2008 (~~Plaintiffs' proposal); March 15, 2009~~ (~~Defendant's proposal~~).

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

12

EXHIBIT 2

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Qualmark Corporation | TBD | 9:00 a.m. | 1 Days |
| Qualmark Ling Corporation | TBD | 9:00 a.m. | 1 Day |
| SatCon Power Systems, Inc. | TBD | 9:00 a.m. | 1 Day |
| Data Physics Corporation | TBD | 9:00 a.m. | 1 Day |

The above list is not exhaustive and the parties agree that the dates and times of the above-noted depositions are subject to change. The parties note that they have not yet exchanged Rule 26(a)(1) initial disclosures and experts have not yet been identified. The parties reserve the right to depose additional witnesses as their identities become known.

f. Interrogatory Schedule:

Either side may propound up to twenty-five (25) interrogatories, including subparts, in no more than three (3) separate sets, unless the parties otherwise agree or the court so orders. Service shall be completed in time to permit the responding party to respond within the time limits set by the discovery cut-off and the Federal Rules of Civil Procedure.

g. Schedule for Request for Production of Documents:

Service shall be completed in time to permit the responding party to respond within the time limits set by the discovery cut-off and the Federal Rules of Civil Procedure.

h. Discovery Limitations:

The parties agree that the limitations incorporated into the Federal Rules of Civil Procedure shall apply to this case. 25 interrogatories per side
10 depositions per side, including experts
25 requests for production per side
25 requests for admission per side

13

EXHIBIT 2

The parties are also currently preparing and intend to move for the entry of a suitable protective order regarding confidential or proprietary information that may be sought through discovery.

## 9. SETTLEMENT

The parties have been and continue to be engaged in ongoing settlement discussions. However, to date, no settlement has been reached. The parties have also discussed and are considering the possibility of utilizing alternative dispute resolution, but have not reached an agreement as to this possibility.

## 10. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement. See above.

b. The anticipated length of trial is eight (8) full trial days in the event this matter is not consolidated with the issues presented in Defendant DPC's California action. Otherwise, additional time will need to be allotted. The trial shall be to a jury on all issues so triable.

## 11. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on _____Nov. 3, 200Y_____ at _1:30_ o'clock _P_m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

14

EXHIBIT 2

(✓) *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before *October 20, 2008* outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:

*As needed.*

c. A final pretrial conference will be held in this case on ~~February~~ *February 26*, *2009* at *9:30* o'clock *A* m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

*Trial preparation conference = March 6, 2009 at 10:00 am*
*Trial date = March 23, 2009 at 8:30 am*

15

EXHIBIT 2

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.


DATED this __16th__ day of _____April_____ 200_8____.

BY THE COURT:


_____
Kristen L. Mix
United States Magistrate Judge


16

EXHIBIT 2

APPROVED:

| s/ Benjamin B. Lieb | s/ Robert W. Payne |
|---|---|
| Robert R. Brunelli | Robert W. Payne |
| Sabrina C. Stavish | Alan E. Engel |
| Benjamin B. Lieb | Nicole A. Smith |
| Ian R. Walsworth | LaRiviere, Grubman & Payne LLP |
| Sheridan Ross P.C. | 19 Upper Ragsdale Drive, Suite 200 |
| 1560 Broadway, Suite 1200 | PO Box 3140 |
| Denver, Colorado 80202 | Monterey, California 93940 |
| (303) 863-9700 – Telephone | (831) 649-8800 |

Attorneys For Plaintiffs
Qualmark Corporation and
Qualmark Ling Corporation

Herbert A. Delap
Dufford & Brown P.C.
1700 Broadway, Suite 2100
Denver, Colorado 80290
(303) 861-8013

Attorneys For Defendant
Data Physics Corporation

17

EXHIBIT 2

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02665-REB-KLM

QUALMARK CORPORATION, and
QUALMARK LING CORPORATION, both Colorado corporations,

     Plaintiffs,

v.

DATA PHYSICS CORPORATION, a California corporation,

     Defendant.

---

**TRIAL PREPARATION CONFERENCE ORDER**

---

**Blackburn, J.**

     Pursuant to D.C.COLO.LCivR 43.1, and REB Civ. Practice Standard IV.A.1., the court enters this **Trial Preparation Conference Order**.

     **IT IS ORDERED** as follows:

     1. That in order to resolve pretrial issues implicating Fed.R.Evid. 702, the following procedural protocol shall be used:

          a. That expert reports shall conform in substance to the requirements of Fed.R.Civ.P. 26(a)(2)(B) and shall contain and include the following:

               1. a complete statement of each expert opinion to be expressed and the bases and reasons therefor;

               2. the data or other information considered by the witness in forming each expert opinion;

               3. any exhibits to be used as a summary of or support for each

EXHIBIT 3

expert opinion;

4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years, stated in a *curriculum vitae* ("c.v.");

5. the compensation to be paid the expert for the study and testimony; and

6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

b. That all motions raising issues under Fed.R.Evid. 702 as codified and construed shall be filed by **December 17, 2008**, and marshaled thereafter as prescribed by **D.C.COLO.LCivR 7.1C**;

c. That for each putative expert witness with respect to whom the movant objects for any reason, the movant shall provide the following:

1. whether the movant contends that the testimony of the expert is unnecessary; and if so, why;

2. whether the movant objects to the qualifications of the witness; and if so, why (stated in detail); and

3. whether the movant objects to any opinion to be offered by the expert; and if so:

a. which opinion; and

b. the specific basis for any objection stated and presented in terms of Fed.R.Evid. 702(1), (2), or (3), i.e., whether the objection impugns the sufficiency of the facts and data used in support of the opinion, whether the objection impugns the principles and methods on which the expert relied in support of the opinion, or whether the

EXHIBIT 3

objection impugns how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion; and

        d. That for each putative expert witness whose necessity, qualifications, or opinions are opposed by the movant, the party offering the expert shall provide in response to the motion the following:

        1. a c.v.for the expert;

        2. a statement of each opinion to be offered by the expert that is opposed by the movant; and

        3. the bases for each allegedly objectionable statement to be offered by the expert, including

        a. the facts or data on which the expert relied in support of the opinion made the focus and subject of objection;

        b. the principles and methods on which the expert relied in support of the opinion made the focus and subject of objection; and

        c. how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion made the focus and subject of objection;

2. That trial by jury shall commence **March 23, 2009**, at 8:30 a.m., in courtroom A701, located on the 7th Floor North, of the Alfred A. Arraj, United States Courthouse, 901 19th Street, Denver, Colorado 80294, at which trial all parties shall appear in person without further notice, order, or subpoena;

3. That the court reserves eight (8) days for trial:

•    Monday, March 23, 2009, through Thursday, March 26, 2009; and

•    Monday, March 30, 2009, through Thursday, April 2, 2009;

EXHIBIT 3

4. That counsel and any *pro se* party shall appear in courtroom A701 on the first day of trial at 8:00 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

5. That the **Trial Preparation Conference** required by  REB Civ. Practice Standard IV.C.1., shall commence on **March 6, 2009**, at 10:00 a.m., in courtroom A701;

6. That lead counsel and any *pro se* party shall attend the Trial Preparation Conference;

7. That at the outset of the Trial Preparation conference, each party shall submit the Parties' Joint Exhibit List on the form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) and shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the "will call" witnesses listed will be present and available to testify during trial;

8. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

      a. stipulated and proposed jury instructions and verdict forms;

      b. *voir dire* questions;

      c. the jury selection process, including peremptory challenges and the use of juror questionnaires;

      d. identification of all persons permitted to be seated at each party's table;

      e. the pronunciation of problematic party's and witness' names;

EXHIBIT 3

f. the names or monikers that may be used when referring to a party or a

witness;

g. identification of "will call" and "may call" witnesses;

h. use of deposition testimony:

1. designation of specific testimony by page and line; and

2. identification of the person selected to read deposition answers;

i. use of video depositions:

1. resolution of objections;

2. pretrial redaction, if necessary; and

3. arrangements for necessary equipment to broadcast the

deposition;

j. the allocation of trial time between the parties;

k. the admission of stipulated exhibits or exhibits about which there are no

objections;

l. the use of juror trial exhibit notebooks and the timing of the distribution of

such notebooks;

m. timing of publication, if any, of trial exhibits to the jury;

n. anticipated evidentiary issues;

o. the necessity for cautionary or limiting instructions;

p. requests or requirement for trial briefs; and

q. exemptions from the order of sequestration of witnesses;

9. That each side shall be permitted voir dire examination not to exceed 15 minutes

following voir dire examination by the court, but shall not reiterate questions previously

propounded by the court or another party;

5                                    EXHIBIT 3

10. That pending further court order, the jurors shall not be sequestered before deliberations;

11. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

12. That opening statements shall be limited to **thirty (30)** minutes per party;

13. That the court will not engage in the examination of any witness, except to eschew plain error;

14. That pursuant to REB Civ. Practice Standard III.D.4.b., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

15. That objections made in the presence or hearing of the jury, i.e., so-called "speaking" objections, shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, neither counsel nor a pro se party shall speechify an objection in the presence or hearing of the jury [Review Fed.R.Evid. 103(c)];

16. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

17. That consistent with Fed.R.Evid. 103(a)(2), once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a request that the court note a standing or continuing objection to that same evidence will not be granted;

18. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk by the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of

EXHIBIT 3

trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

19. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms, the parties shall identify and enumerate each individual jury instruction in the heading or title as specified in REB Civ. Practice Standard IV.E.4.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

20. That closing argument shall be limited to forty-five **(45)** minutes total for each party; and

21. That pursuant to REB Civ. Practice Standard IV.A.2.b., the Final Pretrial Order as modified or supplemented by this Trial Preparation Conference Order and any order entered during the Trial Preparation Conference shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.

Dated April 16, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**